SPRINGFIELD FIRE & MARINE INS. CO. (LUCE v.).   See Case No. 8,589.

SPRINGFIELD FIRE INS. CO. (CATLIN v.).   See Case No. 2,522.

SPRINGPORT (AVERY v.).   See Case No. 676.

SPROGELL (KROUSE v.).   See Case No. 7,940.

---

## Case No. 13,267.

Ex parte SPROUT et al.

[1 Cranch, C. C. 424.] [1]

Circuit Court, District of Columbia.   July Term, 1807.

COMMITMENT —WHAT MUST STATE — SHIPPING — END OF VOYAGE—SEAMEN—DESERTION.

1. A warrant of commitment must state probable cause, supported by oath. must be under seal. and must limit the term of imprisonment.
[See Ex parte Bennett. Case No. 1,311.]

2. A voyage is not ended until the cargo and ballast are discharged.

3. Quære. whether the authority to commit a seaman for deserting his ship is not limited to a justice of the peace.

Habeas Corpus. It appeared by the return that they were committed by virtue of the following warrant:

"Alexandria County—ss. You are required to receive into your jail and custody, Robert

[1] [Reported by Hon. William Cranch, Chief Judge.]

Sprout and Thomas Bailey, two sailors belonging to the ship Alexandria, Captain William Weston, they being charged for neglect of duty on board, rioting and threatening to take the life of their captain and mate contrary to law. Given under my hand this 14th day of July, 1807. A. Faw. Captain James Campbell, Jailor."

Captain Weston appeared and prayed that they might be now committed, and grounded his motion on the following affidavit. viz.: "This is to certify that Robert Sprout and Thomas Bailey, seamen belonging to the ship Alexandria, under my command, did on the 14th day of July, 1807, desert from the said ship without leave of absence. W. Weston. Sworn to in court. 16 July, 1807. G. Deneale,"—and produced the shipping articles; and it was admitted that the cargo was not discharged.

Mr. Youngs, for the prisoners, contended that the voyage was ended as soon as the vessel arrived in port, before she had discharged her cargo; and that the remedy given to the master by the act of congress of July 20, 1790, § 7 (1 Stat. 134), for confining the seamen, does not apply to the period of time between the arrival and the discharge.

THE COURT discharged the prisoners on the ground of the defects in the warrant of commitment. It not being on oath, no time of imprisonment limited, and not under seal.

THE COURT refused to commit them again on the affidavit of the master, because they doubted whether the authority was not limited to a justice of the peace.

But THE COURT was clear that the voyage contracted for was not ended until the discharge of the cargo and ballast, if required.