### UNION TOOL CO. et al. v. UNITED STATES et al.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1920.)

#### No. 3393.

1. PATENTS ⬦326(4)—FINE FOR VIOLATING INJUNCTION RESTRICTED TO COMPLAINANT'S COSTS.

   A fine for violating an injunction in a patent infringement suit, where the violation was committed in good faith, should be limited to an amount sufficient to cover complainant's costs, and should not include an amount imposed for punitive purposes.

2. PATENTS ⬦326(4)—AMOUNT OF FINE FOR VIOLATING INJUNCTION SUSTAINED BY EVIDENCE.

   Affidavits showing that complainant had been to heavy expense in collecting proofs of the violation of an injunction by defendants in a patent infringement case, but not closely calculating the exact amount of such expenses, *held* to sustain a finding that $2,500 was a reasonable portion of the expenses incurred by complainant.

3. PATENTS ⬦326(4)—PUNISHMENT FOR VIOLATING INJUNCTION, WITHOUT SERVICE OF CONTEMPT PROCEEDINGS, INVALID.

   A contempt order, that the president of a corporation which had violated a patent infringement injunction should be committed to jail until the corporation paid a fine imposed on it, *held* erroneous, where it did not appear that the order to show cause in the contempt proceeding was ever served on the president, or that he had appeared therein.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Contempt proceeding by the United States and Elihu C. Wilson against the Union Tool Company and Edward Double. From a judgment of conviction, defendants bring error. Affirmed, as modified.

This is a writ of error brought by the Union Tool Company and Edward Double, its president, to review a judgment of conviction for contempt of court in the matter of an injunction issued by the District Court, imposing a fine upon the Union Tool Company and, in the event of a failure to pay the fine within 20 days, adjudging that Double, the president of the Union Tool Company, be committed to jail until the fine is paid.

The court, after finding that the Union Tool Company had infringed upon claims 9 and 19 of letters patent No. 827,595, by making and selling underreamers like the Wilson Exhibits, defendant's reamer type D, and Complainant's Exhibit, reamer types E and F, enjoined defendant and its officers and servants from making or selling any underreamers embodying the construction or interrelation or formation of parts of either "Complainant's Exhibit, improved double reamer and cutters," or Complainant's Exhibit, defendant's reamer type D, or Exhibit type E, or Exhibit type F, and from making or selling any parts or elements calculated or intended to be combined or used as a part or feature of any underreamer in infringement of claims 9 and 19 of the patent referred to.

Wilson, defendant in error here, as complainant, sued the Union Tool Company, alleging infringement of Wilson patent, No. 827,595, for underreamers, and praying for injunction and accounting. Interlocutory decree was entered, and thereafter this court affirmed the interlocutory decree. The history of the case is in Union Tool Co. v. Wilson, 249 Fed. 736, 161 C. C. A. 646. Injunction writ was served, and thereafter, upon a showing by affidavits, the Union Tool Company and its officers were cited to show cause why it and they should not be punished for contempt in failing to comply with the injunction. After hearing, the court found that the Union Tool Company, in defiance of the injunction issued, had manufactured, offered for sale, and sold two types of underreamers, neither of which was substantially or even colorably different from the respective devices described in the injunction order of the court, the manufacture, sale, and use of which underreamers were inhibited.

Frederick S. Lyon and A. V. Andrews, both of Los Angeles, Cal., for plaintiffs in error.

G. Benton Wilson, of Los Angeles, Cal., for defendants in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). The essential question before the District Court was whether the so-called "pocket" or so-called "U" type of underreamer was within the inhibition of the injunction. The District Court evidently made a very careful examination into the construction of the devices, and concluded as a fact that there was no difference between the types made and sold and those which could not be. The question whether there was an infringement is not directly in issue in this proceeding, and we take the fact to be that the "pocket" type and the "U" type are the same as those referred to in the injunction order of the court. Walker on Patents, § 696.

The plaintiffs in error have argued that the injunction order was not violated, because in the construction of the devices involved in

this proceeding there was a return to a former construction covered by patent No. 748,054, which had been issued to the Union Tool Company, and that there had been a mere addition of some small triangular fillets of metal to the body of the infringing and enjoined device; but it was held by the District Court that the presence or elimination of these insignificant pieces of metal did not change the structure at all, and had no effect whatever upon the operative capacity of the device, or the extent or functioning of the device, and that their presence or absence could be disregarded.

It is also said that there was no invasion of the right of Wilson because of the entire shearing away of a certain lateral web structure on each side of the pocket or recess of the sides of a part of the device. The District Court rejected this contention, and said that it was the shearing away of only so much of it, as had been indicated, as sufficed to provide new and different and lower in-thrust bearings, which gave the strength and stamina to the machine that it required to do the work, and in order to compete with the device of Wilson, and in order to enable the defendant to stay in the market.

[1] It is said that there was no finding that the violation of the injunction was willful or intentional. The court at once purged counsel for the Union Tool Company of contempt, but expressed the opinion that the devices examined were infringements of an obvious and flagrant character, and that there had been a "sedulous desire and disposition" on the part of the Union Tool Company to do what could be done, and yet take advantage of the things that Wilson had patented. The court was also of opinion that the president and general manager of the corporation was knowingly a party to the violation of the injunction, but the decree adjudged the corporation alone guilty.

The court, however, after commenting upon the several features of the case, said:

"And I am saying all of this with the reservation, mentally and actually indulged in by me, that these parties are not acting in bad faith. If I thought they were acting in bad faith, and if I thought that this injunction had been willfully violated, there would be a substantial jail sentence meted out to each individual at all responsible for such violation, irrespective of his place, station, or relation to the subject-matter of the litigation. However, in spite of some very persuasive features, I am going to assume that the defendant has not done that which has been done willfully. There has been, however, a violation of this injunction in at least two material and substantial respects."

This opinion was followed by the decree wherein the court adjudged the corporation defendant guilty, in that it had, since the issuance and service of the injunction and—

"contrary to and in defiance of the commands thereof, manufactured and put out, offered for sale, and sold, a so-called pocket type of underreamer which is not substantially or even colorably different from the device particularly identified and described in said injunction, and whose manufacture, sale, or use is inhibited therein."

The corporation, "in virtue of such contempt so committed," was ordered to pay to the clerk of the court $5,000, out of which said sum and amount, when so paid to the clerk, and the costs having been otherwise met and paid in full, the clerk was authorized to pay over to

262 F.—28

E. C. Wilson $2,500 "as a reasonable portion of the expenses incurred by the complainant" in the proceedings. Our construction of the decree is that there was an acquittal of the defendant of having acted in bad faith and of having willfully violated the injunction order, and by proceeding to a decree based upon the assumption that the acts of the defendant corporation had not been done willfully, we think the corporation was exonerated of willful and contumacious disregard of the injunction. Bessette v. Conkey, 194 U. S. 324, 24 Sup. Ct. 665, 48 L. Ed: 997.

We are therefore of the opinion that the clearly punitive portion of the decree must be reversed. But in so far as the decree imposed a fine, and directed that the sum imposed should be paid to the complainant to cover his costs, the decree must be sustained. ·

[2] To sustain the order for such payment, which was an adjudication in civil contempt, the court had before it a number of affidavits showing that the complainant had been to heavy expense in collecting proofs of the violation of the injunction by the defendants, and while the exact amount of such expenses does not seem to have been closely calculated, the sum of $2,500 was found to be a reasonable portion of the expenses incurred by the complainant in the "instant proceedings," and the order made accordingly should stand. Board of Trade of Chicago v. Tucker, 221 Fed. 305, 137 C. C. A. 255; Kreplik v. Couch Patents Co., 190 Fed. 565, 111 C. C. A. 381; Christiansen Engineering Co. v. Westinghouse Air Brake Co., 135 Fed. 774, 68 C. C. A. 476.

[3] It is urged that the court erred in decreeing that, in the event the fine of $5,000 was not paid into court within 20 days from a certain date, the president of the Union Tool Company, Double, should stand committed to jail, and be confined therein until the money was paid. It does not appear that the order to show cause in the contempt matter was ever served upon Edward Double, or that he was ever made a party defendant to the contempt proceeding, or that he ever appeared therein. The court expressed the opinion that he was knowingly a party to the violation of the injunction order, but under the circumstances we are not satisfied that the court had the power to direct that in the event of a failure on the part of the corporation to pay the $2,500 to the complainant that the president should stand committed to jail until the sum was paid.

The decree will therefore be modified, by striking therefrom the order that in the event of a failure to pay the fine into court the president of the corporation, Edward Double, should stand committed to jail, and be confined therein until the fine be paid; and in so far as the decree directed that $2,500 be paid to the clerk of the court as a punishment of the corporation the order is reversed.

As modified to conform to these views, the decree is affirmed.