## UNION TOOL COMPANY *v.* WILSON.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
NINTH CIRCUIT.

No. 132.   Argued March 1, 2, 1922.—Decided May 15, 1922.

1. Upon an application of the plaintiff in a pending suit charging the
   defendant with several contempts of an injunction in the case, the
   District Court fined the defendant upon part of the charges, partly
   as punishment and partly as compensation to the plaintiff, and
   purged the defendant in other respects without prejudice to a
   renewal of the application. *Held:*
(a) That the order, taking character from its criminal feature, was
   subject as a final judgment to immediate review, on behalf of the
   defendant, by writ of error from the Circuit Court of Appeals.
   P. 110.
(b) That, when the order was thus brought before it, the Court of
   Appeals acquired jurisdiction to review it in its civil as well as its
   criminal aspects. P. 111.
(c) That the defendant having taken a writ of error, the plaintiff
   was entitled to review the part of the order unfavorable to himself,
   and that, only legal questions arising upon agreed facts being in-
   volved, his appropriate method was by a cross writ of error, irre-
   spective of the remedial provision of the Act of September 6, 1916,
   c. 448, § 4, 39 Stat. 726.   P. 111.
2. An order of the District Court in a contempt proceeding, which,
   through failure to apply well settled legal principles to a conceded
   state of facts, refuses to impose a fine on one party to a suit as com-
   pensation to the other for injury resulting from violation of an
   injunction, is subject to correction by an appellate court.   P. 112.
3. A direction by the Circuit Court of Appeals that the District
   Court, in a contempt case, "impose such punishment as may seem
   proper," *interpreted,* in view of the opinion and other proceedings
   as referring to civil compensation.   P. 112.
4. A writ of injunction, in a patent-infringement suit in the District
   Court, may properly bear teste of the Chief Justice of the United
   States.   Rev. Stats., § 911; Jud. Code, §§ 289, 291.   P. 112.
5. A party knowing of an injunction is bound to obey it, even if the
   writ has not issued.   P. 113.
6. Objection to the teste of a writ of injunction may be waived if not
   seasonably made.   P. 113.

7. Where a patentee obtained an injunction forbidding manufacture and sale of machines infringing his patent and of parts or elements that might be used in combination to effect infringement, and also an interlocutory decree requiring the manufacturer to account for damages and profits arising from employing the invention in machines sold prior to the injunction, but it did not appear that the patentee 'had received any compensation for the infringement by use of those machines, *held,* that no license to use spare parts in them could be implied, and that sale of such parts, to be so used, was a violation of the injunction for which a remedial fine should have been inflicted on the manufacturer upon application of the patentee. P. 113.

265 Fed. 669, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals which reversed a judgment of the District Court purging the petitioner of contempt of an injunction. The case is stated in the opinion. See 265 Fed. 669, herein affirmed, and also 262 Fed. 431.

*Mr. Frederick S. Lyon,* with whom *Mr. Leonard S. Lyon, Mr. William K. White* and *Mr. A. V. Andrews* were on the briefs, for petitioner.

*Mr. G. Benton Wilson,* with whom *Mr. F. W. Clements* was on the brief, for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Wilson sued the Union Tool Company in the federal court for the Southern District of California, Southern Division, for infringement of a patent for underreamers. He obtained a decree for an injunction and an accounting, 237 Fed. 847, which was affirmed by the United States Circuit Court of Appeals for the Ninth Circuit, 249 Fed. 736; and a petition for writ of certiorari was denied by this court, 248 U. S. 559. Thereafter, a writ of injunction issued which forbade the manufacture and sale, not only of infringing machines, but also of parts or elements that might be used in combination to effect infringement.

Wilson claimed that there had been deliberate violation of the injunction both by the sale of infringing machines and by the sale of spare parts; and he moved in the District Court that the company and certain of its officers be punished for contempt or otherwise dealt with for violating it. The District Court found that, since the service of the injunction, the company had sold infringing machines; held it guilty of contempt in so doing; ordered that the company pay to the clerk of the court $5,000 as a fine, and that out of this sum $2,500 be paid to Wilson " as a reasonable portion of the expenses incurred " by him in the contempt proceeding; and further ordered that if the fine were not paid within twenty days, Double, the company's president, be committed to jail, to be there confined until it should be paid. The District Court also found that the company had sold, after the service of the injunction, spare parts to be used with machines or devices sold by the company prior thereto, and that these were of such a nature that when used in combination they would effect an infringement. But the court concluded, for reasons to be stated, that the sale of such spare parts should not subject the company to a fine, and purged it of contempt in that respect, without prejudice to the right of Wilson to renew his application.

To have this judgment entered in the contempt proceeding reviewed by the Court of Appeals, the company and Double sued out a writ of error; and thereafter Wilson sued out a cross writ of error. The two writs were considered and disposed of separately. On the original writ the judgment was modified by striking out all that related to Double; and it was reversed in so far as it " directed that $2,500 be paid to the clerk of the court as a punishment of the corporation." But in so far as the judgment directed payment to Wilson as compensation, it was affirmed. 262 Fed. 431. On the cross writ, which was heard and decided later, the Court of Appeals

overruled a motion to dismiss for want of jurisdiction; held the company guilty of contempt in selling the spare parts; held that the District Court had abused its discretion in purging the company of this contempt; reversed, in that respect, the judgment; and remanded it with directions to the District Court to impose such punishment as might seem proper. 265 Fed. 669. A motion of the company for leave to file a petition for mandamus to compel the Court of Appeals to vacate its judgment on the cross writ of error and to dismiss the latter was denied by this court. 254 U. S. 608. But a petition for a writ of certiorari was granted to review the reversal of the judgment in so far as it purged petitioner of contempt in selling the spare parts. 254 U. S. 624. And it is that alone which is now here for review.

The contention that the Court of Appeals was without jurisdiction of the cross writ of error is renewed here. It is argued that the judgment for contempt, so far as now sought to be reviewed, is remedial, not punitive; that being remedial it can be reviewed only on appeal and not on writ of error; that an appeal will not lie until after the final decree; and that no final decree had been entered, as the accounting was still in process. It is true that the part of the judgment for contempt now under review is remedial. But it does not follow that the Court of Appeals lacked jurisdiction to review it on the cross writ of error. The District Court entered a single order, part remedial, part punitive. Where a fine is imposed partly as compensation to the complainant and partly as punishment, the criminal feature of the order is dominant and fixes its character for purposes of review. *In re Merchants' Stock & Grain Co.,* 223 U. S. 639. If the company had acquiesced in the judgment entered, Wilson, having no right to initiate a review of the punitive part, could not have instituted any appellate proceeding until after final decree. *Matter of Christensen Engineering Co.,* 194

U. S. 458; *Doyle* v. *London Guarantee & Accident Co.*, 204 U. S. 599. See also *Alexander* v. *United States*, 201 U. S. 117, 122. But an order punishing one criminally for contempt, is a final judgment. The contemnor may obtain immediately a review by writ of error. *Bessette* v. *W. B. Conkey Co.*, 194 U. S. 324, 336–338. And the company availed itself of this right. When the order was thus brought before the Court of Appeals, it acquired, at the company's instance, jurisdiction to review that part which was civil as well as that which was criminal in its nature. In the exercise of that jurisdiction it granted, in respect to Double, relief which affected both the criminal and the civil parts of the order. If a cross writ of error had not been filed, Wilson could not have secured from the Court of Appeals relief in respect to that part of the order which was unfavorable to him. *Bolles* v. *Outing Co.*, 175 U. S. 262, 268. But a cross writ was duly filed; and that enabled the court to review the portion of the order, civil in its nature, which Wilson alleged to be erroneous; for the judgment in the contempt proceeding was a unit. The case resembles in some respects *Mayer* v. *Walsh*, 108 U. S. 17; *Walsh* v. *Mayer*, 111 U. S. 31, 37, 38. Compare *Field* v. *Barber Asphalt Co.*, 194 U. S. 618, 620, 621. The facts relating to the sale of spare parts were agreed; and the question before the court was merely as to their legal effect. That question could appropriately be considered on cross writ of error—even without resort to the power conferred by § 4 of the Act of September 6, 1916, c. 448, 39 Stat. 726. Cases like *Ex parte National Enameling Co.*, 201 U. S. 156, and *Farrar* v. *Churchill*, 135 U. S. 609, relied upon by the company, are not applicable.

The company contends also that the judgment of the District Court, being favorable to it in so far as it related to spare parts, was not subject to review by any appellate court, at any time, by any proceeding—although remedial

in its nature.  The argument is that where the court of whose authority contempt is charged either finds that there was no contempt or purges the offender, a judicial power has been exercised which is discretionary and is not subject to review.   But the fact that a remedial order was entered in a contempt proceeding is not in itself a reason why it should not be subject to correction by an appellate court.   In *Worden* v. *Searls,* 121 U. S. 14, 26, such an order granting compensation was reversed by this court; and in the Court of Appeals like orders of the District Court denying compensation have been reviewed. *Enoch Morgan's Sons Co.* v. *Gibson,* 122 Fed. 420; *L. E. Waterman Co.* v. *Standard Drug Co.,* 202 Fed. 167.   In the determination of the question whether an injunction has been violated and, if so, whether compensation shall be made to the injured party, there may be occasion for the exercise of judicial discretion; but the order to be entered in such a proceeding is not exclusively or necessarily a discretionary one.   See *Christensen Engineering Co.* v. *Westinghouse Air Brake Co.,* 135 Fed. 774; *Gordon* v. *Turco-Halvah Co.,* 247 Fed. 487.   Moreover, legal discretion in such a case does not extend to a refusal to apply well-settled principles of law to a conceded state of facts. See *Winchester Repeating Arms Co.* v. *Olmsted,* 203 Fed. 493, 494; *In re Sobol,* 242 Fed. 487, 489.

Minor objections of a procedural nature are also urged. It is said that while the infringement by sale of spare parts was a civil contempt, the Court of Appeals directed the District Court " to impose such punishment as may seem proper " and thus ordered criminal punishment.   In view of the opinion and other proceedings, the direction must be understood as referring to compensation.   Compare *Gompers* v. *Bucks Stove & Range Co.,* 221 U. S. 418, 441.   Then it is insisted that the writ of injunction, although properly attested by the clerk of the District Court, was void and of no effect because it bears teste of

the late Chief Justice of the United States, whereas by § 911 of the Revised Statutes it should have borne teste of the District Judge. Under that section writs from the Circuit Courts bore teste of the Chief Justice; and since the transfer of their jurisdiction to the District Courts writs from them may be properly tested by the Chief Justice. See Judicial Code, §§ 289, 291. But the company is in no position to make the objection. Knowing of the injunction, it would have been bound to obey it even if no writ had issued. *In re Lennon,* 166 U. S. 548, 554. Moreover, the objection to the teste of the writ is made, so far as appears, for the first time, in the brief filed by petitioner in this court. Compare *District of Columbia* v. *Brooke,* 214 U. S. 138, 147.

On the merits the contention is this: The interlocutory decree awards to Wilson, among other things, compensation by way of damages and profits, for employing the invention in any machine sold prior to the service of the injunction. A patentee, in demanding and receiving full compensation for the wrongful use of his invention in devices made and sold by a manufacturer adopts the sales as though made by himself, and therefore, necessarily licenses the use of the devices, and frees them from the monopoly of the patent. This license continues during the life of the machine; it does not end when repairs become necessary. Spare parts are needed for repairs. Those here in question were sold for use in, and repair of, machines marketed by the company before the service of the injunction. Therefore, it is argued, the sale of these parts is licensed and thus not a violation of the injunction. But to this argument which prevailed in the District Court, there are several answers; and, among them, this: It does not appear that Wilson has received any compensation whatever for the infringement by use of these machines. Compare *Birdsell* v. *Shaliol,* 112 U. S.

9545°—23——8

485, 487–489. There was, consequently, no implied license to use the spare parts in these machines. As such use, unless licensed, clearly constituted an infringement, the sale of the spare parts to be so used violated the injunction. And the sale having been made with full knowledge of all relevant facts, the Court of Appeals properly held that, so far as Wilson had sought remedial, as distinguished from punitive action, the District Court was not justified in purging the petitioner of contempt arising from the sale of spare parts.

*Affirmed.*