SHULMAN et al. v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
April 6, 1927.

Nos. 4872–4875.

1. Bankruptcy ⟨⟩449—Writ of error is proper remedy, where judgment for contempt is both punitive and remedial.

Judgment, in contempt proceeding for noncompliance by bankrupt with turn-over order, that he be imprisoned for a year, and that thereafter his imprisonment continue till he complies with such order, being of a double aspect, punitive and remedial, in which the puni-

tive is dominating, writ of error is proper remedy.

2. Bankruptcy ⟨⟩136(8)—Punitive part of judgment, in contempt proceeding by trustee for noncompliance with turn-over order, is erroneous; its imposition being first notice to bankrupt of jeopardy in that respect.

Where, in contempt proceedings initiated by petition of trustee for noncompliance by bankrupt with turn-over order, imposition of punitive sentence in the judgment was bankrupt's first notice that he was in jeopardy in that respect, the petition containing no suggestion that such sentence would be sought, such part of the judgment is erroneous; the minimum of notice that would suffice being some order nisi, after the court had observed that propriety of a criminal punishment should be considered.

3. Bankruptcy ⟨⟩136(10)—Prima facie case of contempt is made out by production of turn-over order.

Prima facie case, at least, is made out against bankrupt in contempt proceeding for noncompliance with turn-over order by production of the order.

4. Bankruptcy ⟨⟩136(13)—Sentence of bankrupt to imprisonment till he complies with turn-over order should be conditioned "or till further order."

So that question of ability to comply with turn-over order be not improperly closed, sentence of bankrupt in contempt proceeding to imprisonment till he complies with the order should be conditioned "or till further order of the court."

5. Bankruptcy ⟨⟩136(12)—Sentences to coercive imprisonment for noncompliance with turn-over order held, as to partners in bankrupt firm, who were only salesmen, unsupported by substantial evidence.

As to those partners in bankrupt firm who were only salesmen, and had no part in the general management or control of business, and whose inclusion in the turn-over order was pro forma, with the announcement that there would have to be a further investigation before they could be held for contempt, held, that their sentences to imprisonment till the order be complied with were not supported by substantial evidence.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Contempt proceeding against Ben Shulman and three others, members of a bankrupt firm, instituted by the trustee. Each received a sentence of punitive and coercive imprisonment, and they bring error. Sentence as to named partner vacated, reversed as to punitive imprisonment, and case remanded for proper order as to coercive imprisonment; as to other partners, entire sentences vacated,

and records remanded for further proceedings.

B. H. Schwartz, of Cleveland, Ohio (Rocker & Schwartz and H. H. Rose, all of Cleveland, Ohio, on the brief), for plaintiffs in error.

Marc J. Grossman, of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge. Ben Shulman and his three brothers were partners in a business which became bankrupt. In due course the referee made an order that the bankrupts deliver to the trustee a large amount of property, which, in the form of merchandise or money, they were concealing from him. On review the District Judge affirmed this order. This court dismissed a petition to revise, and did so because there was no finding of facts presenting a question of law. The trustee instituted contempt proceedings. The judgment of the court was that Ben Schulman be imprisoned in a workhouse for one year, and that thereafter his imprisonment continue until he complied with the turn-over order. Each of the three brothers received a similar sentence, except that the first period of imprisonment was six months. The bankrupts bring these writs of error:

[1] 1. The United States, appearing by the district attorney, moves to dismiss the writs of error, because not appropriate remedies. The sentences were plainly of a double aspect—punitive and remedial. The former aspect is dominating, and under Union Tool Co. v. Wilson, 259 U. S. 107, 110, 42 S. Ct. 427, 66 L. Ed. 848, a writ of error is proper. If the old method of reviewing a remedial sentence in a contempt matter, by petition to revise in matter of law, were still in force, there might be difficulty in considering on this writ of error the remedial part of the sentence (Taylor v. Vos, 271 U. S. 176, 183, 46 S. Ct. 461, 70 L. Ed. 889); but at the time these sentences were imposed the review under section 24b was by a peculiar appeal specified in the amendment of May 27, 1926, to that section (44 Stat. 664), and which may, for convenience, be called a law appeal; hence the difficulty of applying the jurisdictional statute of 1916, and considering the matter as if upon a proper appeal, seems to disappear, particularly as the return of these writs of error brings up the same kind of a record which would have been appropriate for such an appeal. Even if the lack of the statutory special allowance for this law appeal presents an obstacle, it may rightly be overcome by treating the writs of error as timely applications therefor and now making the allowance and hearing the case as if regularly here. This we understand to be the practice of the Supreme Court in analogous situations regarding a writ of error and certiorari. The motion to dismiss is overruled.

[2] 2. The contempt proceeding was initiated by the trustee's petition. It contained no suggestion that a punitive or criminal sentence would be sought. So far as the record shows, the actual imposition of the sentences was the first notice any of the respondents had that they were in jeopardy in this respect. According to our understanding of the Gompers Case, 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, as stated in our memorandum in Monroe Body Co. v. Herzog, 18 F.(2d) 578, this day filed, and in the absence of at least that minimum of notice which could be given by some order nisi after a court has observed that the propriety of a criminal punishment should be considered, that part of all the sentences which directed unconditional imprisonment for a definite time is erroneous, and must be vacated. The only further question open on this review is whether the coercive sentences are without any evidence to support them.

[3, 4] 3. Upon the hearing of the contempt matter, the production of the turn-over order made at least a prima facie case of contempt against the respondents. In re J. H. Small Co. (C. C. A. 2) 16 F.(2d) 205. As to Ben Shulman, there was upon this contempt hearing a further investigation. He was permitted, unembarrassed by the effect of the former order, to give his explanation of the shortage. He went into the situation as fully as he cared to. The court disbelieved his testimony and was confirmed in its former conclusion that Ben Schulman was concealing a large amount of this property. The court's conclusion to this effect, evident from its remarks on the hearing and implied in its sentence, is not without substantial support in the new evidence, without regard to the former order. So much of Ben Schulman's sentence as directs his imprisonment until he complies with the turn-over order should be affirmed; but, so that the subject of ability to comply with the order should not be improperly closed, the sentence should be conditioned, "or until further order of the

court." As so modified, the order should be re-entered.

[5] 4. As to the three brothers: There was no further investigation, except that Ben Schulman testified, and there is nothing to dispute it, that they were only salesmen; that he was the manager of the business, and that they had nothing to do with the various matters which he mentioned in connection with the shortage, or with the shortage itself. Each of the three brothers presented his formal sworn denial that he had concealed anything or was able to comply with the turn-over order. The distinctions between their cases and that of Ben were seemingly not brought to the attention of the court. In strictness it would seem that the turn-over order made a prima facie case of concealment against each of the three brothers as of its date, and so it could not now be said, as a matter of law, that there was no evidence supporting the present contempt finding.

However, there are special features in this record. It appears that upon the turn-over order the three brothers were included, more or less pro forma, in connection with the announcement that there would have to be a further investigation before they could be held for contempt. It appears, also, that their partnership duty and liabilities were given some force in reaching the court's present conclusion, and it also appears, as above stated, and is seemingly undisputed, that they had no part in the general management or control of the business, and there is no proof that they had anything specifically to do with any concealment, past or present. Upon this particular record, we feel compelled to say that their sentences to coercive imprisonment are not supported by substantial evidence, and that as to each of them the entire sentence must be vacated.

Accordingly, in No. 4872, the sentence is vacated, is reversed as to the one-year punitive imprisonment, and the case is remanded for the entry of a proper order as to coercive imprisonment, as above specified. In the other three cases, 4873, 4874, and 4875, the entire sentences are vacated, and the records remanded for further proceedings. These remands will be without prejudice to further proceedings looking to punitive sentences against each one of the four, and without prejudice to a new and further inquiry into the ability of each one of the three to comply with the turn-over order.