EL PUEBLO DE PUERTO RICO, representado por JOSÉ E. COLOM, COMISIONADO DEL INTERIOR, demandante, *v.* P. R. RAILWAY, LIGHT & POWER COMPANY, demandada y apelante; PUERTO RICO ILUSTRADO, INC., JOSÉ COLL VIDAL y ANGEL RAMOS, querellados y apelados.

Núm. 8165.—*Sometido:* Junio 20, 1941. *Resuelto:* Julio 22, 1941.

*Brown, González & Newsom* y *E. Córdova Díaz,* abogados de la apelante; *Rafael Cuevas Zequeira,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Como un incidente del caso civil núm. 32557, de la Corte de Distrito de San Juan, seguido por El Pueblo de Puerto Rico, representado por José E. Colom, Comisionado del Interior, contra P. R. Railway, Light & Power Co., sobre expropiación forzosa, la demandada radicó una petición en dicha corte interesando que Puerto Rico Ilustrado, Inc., una corporación doméstica con oficina principal en San Juan, P. R., y dueña del periódico "El Mundo", fuese castigada por desacato con motivo de la publicación de ciertos artículos editoriales de dicho periódico, relacionados con ciertas alegaciones interpuestas por la demandada en dicho pleito.

Se expidió la orden para mostrar causa y celebrada la correspondiente audiencia, la corte inferior absolvió a la querellada. No estando conforme P. R. Railway, Light & Power Co., apeló de dicha sentencia para ante este tribunal. En una segunda audiencia en este caso, señalada para el 20 del mes pasado, la querellada Puerto Rico Ilustrado, Inc., solicitó se desestime este recurso, entre otras razones porque tratándose en este caso de un desacato criminal (*criminal contempt*) y habiéndose dictado por la corte inferior sentencia absolutoria, la querellante, a cuya instancia se instó el procedimiento, no tiene derecho a apelar.

Se opuso la apelante a este fundamento de desestimación, alegando:

(a) Que al radicarse la moción de desestimación que nos ocupa, el caso había sido ya argumentado en sus méritos y solamente estaba pendiente de una nueva vista que ya se celebró, y que anteriormente se había presentado y resuelto adversamente a la apelada una primera moción de desestimación por igual fundamento. *Pueblo v. P. R. Ry., L. & P. Co.,* 56 D.P.R. 907; y

(b) Que no se trata de un desacato criminal y sí de uno civil, conforme se resolvió en el caso últimamente citado.

 Siendo la cuestión en controversia de carácter jurisdiccional, puede suscitarse en cualquier estado del procedimiento.

 Es cuestión fuera de controversia que un desacato criminal sólo es apelable por la parte contra quien se hubiere dictado la sentencia, exactamente como si de cualquier otro caso criminal se tratase. *Union Tool Co. v. Wilson,* 259 U. S. 107.

La cuestión a resolver en este caso es si el proceso por desacato de que fué absuelta la apelada imputaba un desacato criminal o si por el contrario era de naturaleza civil. Para resolver la cuestión así planteada, precisa fijar en primer término la distinción entre una y otra clase de desacatos.

En el caso de *Union Tool Co. v. Wilson,* supra, se dijo:

"Cuando se impone una multa en parte como compensación al querellante y en parte como un castigo, predomina el carácter criminal de la orden y determina su naturaleza a los efectos de su revisión. *In re Merchants' Stock & Grain Co.,* 223 U.S. 639."

Porteriormente, en el caso de *McCrone v. U. S.,* 307 U. S. 61, 64, el tribunal fué más explícito al expresarse en los siguientes términos:

"Si bien determinados actos no son susceptibles de fácil clasificación como desacatos civiles o criminales, se considera civil el desacato cuando el castigo es enteramente reparador (*remedial*), sirve exclusivamente los fines del querellante, y no tiene por objeto servir de ejemplo o escarmiento (*deterrent*) a futuras ofensas. En el presente

caso, la citación entregada al peticionario tenía por único objeto requerirle para que declarase en una investigación relacionada con contribuciones, conducida por un agente del Negociado de Rentas Internas. En la petición del agente a la corte, petición a que debe recurrirse para determinar la naturaleza del procedimiento, se invocó la ayuda judicial con el solo objeto de obtener el testimonio del peticionario para sostener el procedimiento para el cobro de las contribuciones y no para vindicar la justicia pública como en los casos criminales.

"La sentencia por desacato es civil y la apelación contra la misma se rige por las reglas establecidas para las apelaciones civiles."

Ultimamente, en el caso de *Nye et al.* v. *U. S. et al.*, 313 U. S. 33, se ratificó lo expuesto en el de *McCrone* v. *U. S.*, supra, diciéndose por el Tribunal:

"Opinamos que no se trata de un desacato civil. Recientemente dijimos en *McCrone* v. *United States*, 307 U.S. 61, 64: 'Si bien determinados actos no son susceptibles de fácil clasificación como desacatos civiles o criminales, se considera civil el desacato cuando el castigo es enteramente reparador (*remedial*), sirve exclusivamente los fines del querellante, y no tiene por objeto servir de ejemplo o escarmiento (*deterrent*) a futuras ofensas.' Los hechos de este caso no se ajustan a ese criterio. Aunque el proceso en la Corte de Distrito se tituló como un incidente del pleito de Elmore y los Estados Unidos no fué parte en dicho procedimiento hasta que se estableció la apelación, esas circunstancias, aunque relevantes (*Gompers* v. *Bucks Stove & Range Co.*, 221 U.S. 418, 445-446) no son concluyentes para determinar la naturaleza del desacato. Tampoco es decisiva la circunstancia de que Nye fué condenado a pagar las costas del procedimiento, incluyendo $500 a Guthrie. Como dijera el Juez Brandeis en *Union Tool Co.* v. *Wilson*, 259 U. S. 107, 110; 'Cuando se impone una multa en parte como compensación al querellante y en parte como un castigo, predomina el carácter criminal de la sentencia y determina su naturaleza a los efectos de su revisión.' La sentencia en este caso impuso una multa incondicional pagadera a los Estados Unidos. No concedió remedio alguno a un litigante privado. La súplica y los actos imputados revelan la naturaleza criminal. Cf. *Gompers* v. *Bucks Stove & Range Co.*, supra, pág. 449. Los cargos y la súplica no revelan propósito alguno de que se castigue por desacato 'en auxilio de la sentencia interesada en el pleito principal.' *Lamb* v. *Cramer*, 285 U.S. 217, 220. Cuando

a esto se agrega el hecho significativo (*Bessette* v. *W. B. Conkey Co.*, 194 U.S. 324, 328) de que Nye y Mayers no eran partes en el pleito de Elmore, no puede existir duda razonable de que predominaba el carácter punitivo de la sentencia.''

Resumiendo la jurisprudencia antes expuesta podemos decir que el desacato criminal es aquél en que la acción de la corte va dirigida a vindicar una ofensa a su propia dignidad, independientemente de los derechos de las partes en el pleito, siendo de carácter civil cuando la acción de la corte va encaminada a proteger mediante un castigo un derecho particular comprendido en un litigio ante el mismo tribunal. Cuando de los actos imputados al querellado resulta que el desacato participa de una y otra índole, el aspecto criminal predomina sobre el civil y en ese caso se considera como desacato criminal a los efectos de la revisión de la sentencia por un tribunal superior.

Fijado el criterio para distinguir el desacato civil del criminal, examinemos ahora las alegaciones y la súplica de la moción que en la corte inferior radicó la demandante solicitando que la apelada fuese castigada por desacato. En la referida moción, luego de exponer que se hallaba pendiente el caso de expropiación forzosa a que hemos hecho referencia, alegó que estando pendientes de resolución ciertas excepciones previas interpuestas por la demandada en dicho caso, el aludido periódico con fecha 8 de noviembre de 1939 publicó una carta que contenía un comentario y crítica en forma editorial, expresando la opinión de dicho periódico sobre los méritos del caso y especialmente sobre los méritos de las excepciones previas interpuestas por la demandada, criticando desfavorablemente dichas alegaciones y tildándolas de una medida encaminada exclusivamente a demorar el curso del litigio. Comenta la querellante el efecto de dicho editorial, en el párrafo quinto de la indicada moción, en los siguientes términos:

''Que el efecto del editorial o publicación que se acompaña a esta petición marcado *Exhibit* A fué y es en perjuicio de esta peti-

cionaria como demandada en la referida acción y constituye una discusión de dicho caso fuera del alcance de la corte; que tenía y tiene también el efecto de tender a influir en el ánimo de la corte en perjuicio de esta demandada; que *dicho editorial o publicación era y es lesivo a la dignidad y decoro de esta corte porque pretende usurpar el derecho exclusivo de la misma para resolver los casos que penden ante su consideración sin que dichas resoluciones sean afectadas o estorbadas por comentarios, críticas y opiniones gratuitas expresadas por terceras personas y diseminadas al público; que la referida publicación o editorial colocó a esta Hon. Corte en una situación difícil y embarazosa en cuanto a la resolución de las excepciones previas interpuestas por esta peticionaria en el caso mencionado porque de haber entendido la corte que las mismas debieron haber sido declaradas con lugar hubiese estado sujeta al desprecio, desdén, crítica injusta y hasta injuriosa del público o parte del mismo* debido a la opinión que dicho público pueda o ha podido formar por motivo de la referida publicación o editorial; que el efecto antes mencionado en cuanto a la corte, de la referida publicación o editorial continúa y continuará hasta tanto el caso sea finalmente resuelto por esta corte y las cortes que puedan entender del mismo en grado de apelación; que el referido editorial o publicación ha tenido y tiene también el efecto de privar a esta peticionaria del derecho que le garantiza la ley a un juicio imparcial que debe ser resuelto por un tribunal competente de justicia de acuerdo con las prácticas y procedimientos legales sin que el mismo sea afectado o estorbado por influencias, comentarios o publicaciones fuera del alcance de la corte.''

Continuó alegándose en la referida moción que el día 21 de diciembre de 1939 la demandada radicó su contestación en el caso de expropiación forzosa, y dos días después, estando aún el referido caso pendiente de resolución, el mismo periódico publicó y circuló y distribuyó por la ciudad de San Juan y por la Isla de Puerto Rico la edición diaria de dicho periódico, la cual contenía un comentario y crítica en forma de editorial sobre los méritos del caso y de las alegaciones y defensas contenidas en la referida contestación de la peticionaria, criticando desfavorablemente dichas alegaciones y defensas y tildándolas entre otras cosas de absurdas y carentes

de fundamento, reafirmando la opinión de dicho periódico que las mismas han sido interpuestas con el solo fin de demorar el curso del litigio. Comentando a continuación el efecto de dicha publicación expresó la demandada:

"Que el efecto del editorial o publicación que se acompaña a esta petición marcado Exhibit B, fué y es en perjuicio de esta peticionaria como demandada en la referida acción y constituye una discusión de dicho caso fuera del alcance de la corte; que la referida publicación o editorial *ha colocado a esta Hon. Corte en una situación difícil y embarazosa en cuanto a la resolución final del caso y especialmente en cuanto a la resolución o resoluciones que pueda dictar en relación con las alegaciones y defensas contenidas en la contestación radicada por vuestra peticionaria porque de ser declaradas con lugar por esta Hon. Corte sujetará a la misma al desprecio, desdén, crítica injusta y hasta injuriosa del público o parte del mismo debido a la opinión que dicho público pueda y ha podido formar por motivo de la referida publicación o editorial;* que el efecto antes mencionado en cuanto a la corte, de la referida publicación o editorial continúa y continuará hasta tanto el caso sea finalmente resuelto por esta corte y las cortes que puedan entender del mismo en grado de apelación; que el referido editorial o publicación ha tenido y tiene también el efecto de privar a esta peticionaria del derecho que le garantiza la ley a un juicio imparcial que debe ser resuelto por un tribunal competente de justicia de acuerdo con las prácticas y procedimientos legales sin que el mismo sea afectado o estorbado por influencias, comentarios o publicaciones fuera del alcance de la corte."

Pasemos por último a la súplica de la moción o petición de la querellante para determinar la índole del remedio solicitado. Literalmente dice así:

"En mérito de los hechos alegados anteriormente, respetuosamente solicitamos de la corte dicte una orden contra la corporación Puerto Rico Ilustrado, Inc., dirigida a su director el Sr. José Coll Vidal y su administrador Sr. Angel Ramos para que dentro del término que pueda señalar esta honorable corte *comparezcan a una vista a mostrar las causas,* si algunas tienen, por las cuales no deben ser castigados por desacato debido a la publicación de los dos editoriales mencionados en esta petición."

Consideradas las alegaciones y súplica de la moción de la querellante, no cabe duda de que el desacato que en este caso se imputó a la apelada participa del doble carácter de civil y criminal, pues a la vez que se persigue cierta protección a los intereses de la querellante, va también dirigido a que se vindique la autoridad del tribunal que según la querellante ha sido ofendido, siendo el propósito de la pena cuya imposición se solicita, que sirva de ejemplo o escarmiento (*as a deterrent*) para evitar la repetición de la ofensa. Siendo ello así, el elemento criminal predomina sobre el civil y por consiguiente el desacato que nos ocupa debe considerarse como criminal a los efectos de la revisión de la sentencia. *Union. Tool Co.* v. *Wilson*, supra. ■ Parece evidente que tratándose de un desacato criminal en que el querellado ha sido absuelto, tampoco procede el recurso de *certiorari* para revisar la sentencia, precisamente por las mismas razones que no procede la apelación.

Cuando en 31 de mayo de 1940 se denegó la primera moción para desestimar este recurso (*Pueblo* v. *P. R. Ry. L. & P. Co.*, 56 D.P.R. 907), no había sido resuelto el caso de *Nye* v. *U. S.*, supra, cuya decisión data del 14 de abril de 1941, y en la cual se estableció clara y definitivamente la diferencia entre el desacato civil y el criminal. La conclusión a que entonces se llegó fué que "el factor dominante en el procedimiento . . . fué su aspecto civil," y estimando que la sentencia absolutoria era apelable, se denegó la desestimación. Tal conclusión es errónea conforme resulta de los principios anteriormente enunciados, que sostienen que es el aspecto criminal el que debe predominar sobre el civil. Por consiguiente debe entenderse revocada.

Por lo expuesto, *procede desestimar el recurso interpuesto por la P. R. Railway, Light & Power Co., por no ser el mismo apelable.*

El Juez Asociado Sr. Todd, Jr., no intervino.