**Roy D. HANLEY, Plaintiff,**

v.

**JAMES McHUGH CONSTRUCTION COMPANY, Defendant-Appellant,**

v.

**Honorable William J. LYNCH, United States District Judge, and Elevator Service Company, Defendants-Appellees.**

**No. 17623.**

United States Court of Appeals Seventh Circuit.

Dec. 30, 1969.

C. Roy Peterson, Clark Chapman King, Jr., Chicago, Ill., for defendant-appellant; Lord, Bissell & Brook, Chicago, Ill., of counsel.

Tom L. Yates, Chicago, Ill., for defendants-appellees; Frederic L. Goff, Chicago, Ill., of counsel.

1. Fed.R.Civ.P. 34 provides for the production of documents.

Before DUFFY, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

Defendant McHugh Construction Company was found guilty of criminal contempt and fined $100.00 for refusal to comply with the district court's discovery order [1] to produce for Elevator Service Company several statements of witnesses related to Hanley's personal injury action against McHugh,[2] in which McHugh counterclaimed against Elevator. The statements sought were given by employees of both McHugh and Elevator. We reverse the contempt order.

The main issue presented to us is whether the discovery order upon which the contempt charge is based is valid in light of the requirement of Rule 34 that "good cause" must be shown for the production of documents.

Elevator raises a preliminary question: whether in testing the validity of the contempt order we may reach the issue of the validity of the underlying discovery order. Elevator contends that where a court has jurisdiction and power to enter the discovery order, the order must be obeyed. It relies on Blake v. Nesbet, 144 F. 279, 284 (W.D.Mo. 1905), where a district court said that a temporary injunction must be obeyed, however erroneous, and that the contemnor was not justified in disobeying on the ground that the restraining order was an abuse of discretion. The court applied the well established rule that a defendant who has disobeyed an injunction cannot purge himself of contempt by going into the merits of the injunction. However, Elevator's reliance on that decision is misplaced. We do not have before us an injunction with a right of appeal.

A discovery order is immediately appealable only under 28 U.S.C.

2. Plaintiff Hanley originally sued his employer McHugh, and Elevator, for damages for injuries suffered in construction work.

1292(b) upon the written opinion of the trial judge that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation * * *." There is no written opinion to that effect in the discovery order before us. Thus, in order that the merits of the contempt order be properly reviewed, we believe the law is clear that a judgment of criminal contempt for refusal to comply with a discovery order is a final judgment and immediately reviewable. We hold that we need not limit our review to the criminal contempt order itself, but may test the validity of the underlying discovery order. Union Tool Co. v. Wilson, 259 U.S. 107, 111, 42 S.Ct. 427, 66 L.Ed. 848 (1922); Southern Railway Co. v. Lanham, 403 F.2d 119, 125 (5th Cir. 1968, petition for rehearing denied, 408 F.2d 348 (1969); Hickman v. Taylor, 153 F. 2d 212, 214 n.1 (1945), aff'd, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

■ We turn now to the "good cause" issue. The discovery order under consideration here is based on the ground stated in an affidavit of Elevator's counsel that the statements sought were given by persons "present at the scene and the contents of the statements might well constitute evidence in the cause." No other reasons for production were offered, and the district court found "good cause" shown on the basis of the affidavit. We hold that the stated reasons are insufficient to meet the requirement of a "good cause" showing in Rule 34.

The Supreme Court in Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1969), while construing the "good cause" provision in Rule 35 [3] as requiring an affirmative showing of some need other than mere relevance,

discussed the similar provision in Rule 34:

> The courts of appeals in other cases have also recognized that Rule 34's good-cause requirement is not a mere formality, but is a plainly expressed limitation on the use of that Rule. Id. at 118, 85 S.Ct. at 242.

Recently, the Fifth Circuit in Southern Railway co. v. Lanham, 403 F.2d 119, 127 (1968), considered the Rule 34 "good cause" requirement. It correctly pointed out that the law of this circuit, as expressed in the 1954 decision in Hauger v. Chicago, R.I. & Pac. Ry. Co., 216 F.2d 501, 507 (7th Cir. 1954), has required a showing of "special circumstances" by the moving party to justify discovery of witness statements by an opposing party. This court denied the requested discovery in Hauger since the statements sought were available to the movant in the ordinary trial preparation procedure. This court thought he should not have the fruits of his opponent's investigations when his own investigations would have produced the statements.

Although the Fifth Circuit in Lanham thought the "special circumstances" rule of Hauger too rigid, the court allowed discovery of witness statements taken at the time of the accident upon findings that certain documents were in the possession and control of the defendant railroad, the unlikelihood that the railroad employees would answer plaintiff Lanham's questions as fully as they had those of their employer, and the unique value of statements taken shortly after the accident after a substantial period of time had passed. It is true that there is a freer climate prevailing in discovery practices today than there was when Hauger was written. However, we think the Hauger "special circumstances" rule is broad enough to accom-

3. Fed.R.Civ.P. 35 provides for the physical or mental examination of a party when the physical or mental condition is in controversy.

modate the modern trend, exhibited by the *Lanham* decision.

In the case before us there are no findings, as in *Lanham*, to show any reason for allowing discovery other than that the documents were given by people who were present at the scene and might be admissible as evidence in the case. On these grounds alone, the discovery order is invalid, and cannot support the criminal contempt order based upon it.

Reversed.