**NASCO, INC., Plaintiff-Appellee,**

v.

**CALCASIEU TELEVISION AND RADIO, INC. and G. Russell Chambers, Defendants-Appellants,**

and

**Mabel Christine Baker, Trustee for the Facility Trust, Defendant.**

No. 84–4209
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1985.

A.J. Gray, III, Camp, Carmouche, Barsh, Hunter, Gray & Hoffman, Geralyn P. Garvey, Edwin K. Hunter, Lake Charles, La., for defendants-appellants.

Neal & Harwell, Jon D. Ross, Nashville, Tenn., David L. Hoskins, John B. Scofield, Benjamin W. Mount, Lake Charles, La., for plaintiff-appellee.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

This is the second appeal from a judgment of the district court in which defendants-appellants, Calcasieu Television and Radio, Inc., and G. Russell Chambers, were adjudged in contempt for violation of a preliminary injunction issued by the district court. Plaintiff-appellee, Nasco, Inc., has moved to dismiss this appeal on the ground that appellants previously sought to prosecute an appeal from the contempt judgment pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5 that was denied by this Court. We are of the opinion that this present appeal also should be dismissed.

The lower court and the appellate court history of this case needs amplification.

On October 24, 1983, the district court entered a preliminary injunction against appellants. On March 23, 1984, the district court, after concluding appellants had violated the injunction, rendered judgment finding appellants in contempt and ordering appellants to comply with the injunction, assessing compensatory damages in favor of the appellee and imposing a fine against appellant G. Russell Chambers in the sum of $25,000.

On March 28, 1984, the district court entered an order which is pertinent to the issues raised in the present motion to dismiss this appeal. In that order the court stayed execution of the compensatory damages and the fine under the March 23 judgment "until the disposition of an appeal by Calcasieu Television and Radio, Inc. and G. Russell Chambers ...." The court also certified that the case was appealable pursuant to 28 U.S.C. 1292(b)[1] because it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from said judgment may materially advance the ultimate termination of this litigation ...."

On March 28, appellants gave notice of appeal in the district court. Thereafter, two separate appeals were docketed in this Court. An appeal as of right under Fed.R.App.P. 4(a) pursuant to 28 U.S.C. § 1291 was docketed under No. 84–4209 on April 2; a petition for leave to appeal under Fed.R.App. 5(a) pursuant to the district court's § 1292(b) certification was docketed under No. 84–9037 on April 6.

Subsequently, on May 29 in No. 84–9037 a panel of this Court, pursuant to § 1292(b), denied the interlocutory appeal from the March 23 judgment. The reasons given by the panel in its order denying the

§ 1292(b) appeal are dispositive of the appellee's present motion to dismiss this § 1291 appeal. In that order this Court found that the third element under § 1292(b) that "an immediate interlocutory appeal must materially advance the ultimate termination of the litigation" had not been met. On this issue the Court stated:

> As noted, the district court stayed enforcement of its order pending a trial on the merits in this action. The pending litigation will clearly move forward unaffected by either an interlocutory affirmance or an interlocutory reversal of the district court's contempt order. In the instant case, full redress is available to the petitioners through the normal vehicle of appeal after a final disposition of this litigation on its merits in the court below.

The Court thus interpreted the district court's March 28 order staying enforcement of the March 23 judgment as a stay that was effective until this case was tried on the merits and a final judgment was entered. Accordingly, the district court's ruling, holding appellants in violation of the previous injunction, was deemed interlocutory and non-final. In light of this Court's dismissal of the § 1292(b) appeal, appellee urges that appellants are precluded from now asserting a § 1291 appeal from the contempt judgment. We agree.

This identical issue was before the court in *School District of Kansas City, Missouri v. State of Missouri*, 592 F.2d 493 (8th Cir.1979). In that case an earlier § 1292(b) appeal on four rulings of the district court had been denied on the ground that "the matter before us is not a final order." *Id.* at 495. A second appeal from the same district court rulings was then before the

---

1. Twenty-eight U.S.C. § 1292(b) provides:

   (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

   The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

court under a § 1291 appeal. The court dismissed this appeal also, stating that "[t]he prior denial of permission to appeal these interlocutory orders pursuant to the district court's section 1291(b) certification precludes a later appeal of the same rulings as final orders under section 1291. Our prior order reveals that the rulings presently being appealed were clearly considered interlocutory or non-final." *Id.* at 495. The court also characterized its prior denial of the § 1291(b) appeal certification as a finding that there did not exist " 'exceptional circumstances [which] justify a departure from the basic policy of postponing appellate review until the entry of final judgment.' " *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978), *quoting from Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir.1972)). The holding in *School District of Kansas City* is applicable here. *See also, Scholl v. District of Columbia*, 331 F.2d 1018 (D.C.Cir. 1964) (previous § 1292(b) appeal holding district court ruling was final order was res judicata and did not permit appellate review of same ruling on subsequent § 1291 appeal of other district court rulings).

The holding made by this Court on the § 1292(b) appeal, as well as the one we make here, is supported by the "law of the case" doctrine. This doctrine "applies to a single proceeding, and operates to foreclose reexamination of decided issues either on remand or on a subsequent appeal." *Pegues v. Morehouse Parish School Board*, 706 F.2d 735, 738 (5th Cir.1983) (citations omitted); *see also Dickinson v. Auto Center Manufacturing Co.*, 733 F.2d 1092, 1097 (5th Cir.1983). Thus, this appeal under § 1291 is precluded by the prior holding of this Court to the effect that the March 23 judgment was interlocutory and non-final.

Our decision to dismiss this appeal does not, as appellants argue, run counter to the principle that an adjudication of criminal contempt is a final judgment that is appealable by the party against whom sanctions have been imposed. Even if upon examination it be determined that the judgment is criminal in nature and thus is appealable as a final judgment, *see Southern Railway Company v. Lanham*, 403 F.2d 119, 124 (5th Cir.1968) (citing *Union Tool Co. v. Wilson*, 259 U.S. 107, 42 S.Ct. 427, 66 L.Ed. 848 (1922)), that it has both criminal and civil purposes present and is considered under such circumstances as criminal in nature for purposes of review, *see Thyssen, Inc. v. S/S Chuen On*, 693 F.2d 1171, 1174 n. 4 (5th Cir.1982), or that it is civil in nature and the court has exercised its authority to punish or to coerce compliance and thus is appealable, *see United States Steel Corporation v. Fraternal Association of Steel Haulers*, 601 F.2d 1269, 1273 (3rd Cir.1979) (citing *Alexander v. United States*, 201 U.S. 117, 121–22, 26 S.Ct. 356, 357–58, 50 L.Ed. 686 (1906)),[2] the judgment nevertheless is not an appealable adjudication because, as the earlier panel of this Court observed, the sanctions imposed were stayed until this case is concluded on the merits.

In *Securities and Exchange Commission v. Naftalin*, 460 F.2d 471 (8th Cir. 1972), ruling on the appealability of a contempt order, the court dismissed the appeal under § 1291 because the order did not constitute a final order from which an appeal properly could be made. In *Naftalin*, the order appealed from made an adjudication of contempt, but it imposed no sanctions for the contempt. Under these circumstances the court concluded "[t]hat until a sentence or sanctions has been made to exist as to a contempt adjudication, the situation is lacking in the elements of operativeness and consequence necessary to be possessed by any judicial order to enable it to have the status of a final decision under § 1291." *Id.* at 475. This language supports the conclusion reached by the former panel of this Court that this case, and thereby the parties, would not be affected

---

**2.** Since we are dismissing this appeal for lack of finality of the contempt judgment, we make no determination at this stage of the proceeding whether the judgment was criminal or civil in nature, or both.

by the contempt judgment in light of the fact that its enforcement had been stayed until the case was disposed of on the merits. Since the judgment continues to lack "the elements of operativeness and consequence," it does not have the finality that is required to support this § 1291 appeal. *See United States Steel Corp. v. Fraternal Ass'n of Steel Haulers*, 601 F.2d at 1273 (order of civil contempt appealable only when court has exercised its authority either to punish or to coerce compliance); *Major v. Orthopedic Equipment Company, Inc.*, 561 F.2d 1112, 1115 (4th Cir.1977) (order finding party violated injunction but which did not hold party in contempt or impose sanctions was not final order and was not appealable).

Appellants will be afforded an opportunity, on any subsequent appeal from a final judgment in this case, to raise the contention that the district court erred in holding appellants in contempt under the March 23 judgment. *Dickinson v. Auto Center Manufacturing Co., supra*, 733 F.2d at 1102.

This appeal is DISMISSED.