**In re Monique MILES,**
**Plaintiff/Judgment–Debtor,**

v.

**Herbert Clark GUSSIN,**
**Defendant/Judgment–Creditor.**

**No. M–88–10032.**

United States Bankruptcy Court,
District of Columbia.

Sept. 21, 1989.

Howard B. Teller, Washington, D.C., for plaintiff/judgment-debtor.

Herbert C. Gussin, pro se.

## DECISION RE MOTION FOR JUDGMENT OF CONDEMNATION

S. MARTIN TEEL, Jr., Bankruptcy Judge.

In an adversary proceeding in the United States Bankruptcy Court for the District of Maryland, Herbert Clark Gussin ("Gussin") obtained a final judgment for $34,980.97 on his counterclaim as defendant against Monique Miles ("Miles"), the plaintiff. Gussin registered his judgment in this Court pursuant to 28 U.S.C. § 1963 and procured issuance of a writ of attachment directed to French Realty, Miles' employer. The writ (Docket Entry No. 10) was not issued under seal as required by 28 U.S.C. § 1691. When French Realty did not respond to the interrogatories set forth in the writ of attachment, Gussin filed a Motion for Judgment of Condemnation invoking D.C.Code Ann. § 16–556(b). French Realty then filed answers to the interrogatories and an opposition to the motion for judgment of condemnation, waiving any defense that the writ was not issued under seal save as justification for why the answers were untimely.

Gussin is not entitled to a judgment of condemnation based on French Realty's delay in answering the interrogatories. The writ was defective because it was not under seal. *Ex parte Sprout*, 1 Cranch, C.C. 424, 22 Fed.Cas. 1010 No. 13,267 (C.C. Dist. Col. 1807); *see also Bowler v. Eldridge*, 18 Conn. 1, 8 (1846); *compare Wile v. Cohn*, 63 F. 759, 763–64 (C.C. Iowa 1894), *aff'd*, 70 F. 138 (C.C.A. Iowa 1895) (notice, as opposed to a writ, was not a "process" so no seal needed). Accordingly, the answers to interrogatories were not filed out of time. French Realty, however, could choose to answer the interrogatories and, save as a defense to the untimeliness of the answers, waive the defect that existed prior to the answers being filed. *Cf. Union Tool Co. v. Wilson*, 259 U.S. 107, 42 S.Ct. 427, 66 L.Ed. 848 (1922).

The defendant is thus not entitled to judgment of condemnation based on the lack of timely answers. The denial of his motion shall be without prejudice to his proceeding under D.C.Code Ann. § 16–556(a), although D.C.Code § 16–572(2) would appear to preclude any relief based on the existing answers. Defendant may, however, seek authority to examine the garnishee under D.C.Code Ann. § 16–552(b) or may request a trial under D.C.Code Ann. § 16–553 as to the amounts the garnishee actually owes the plaintiff. An appropriate order follows.