Peggy GREGORY, etc., et al., Plaintiffs,

v.

MUCHO K, INC., a Florida Corporation, and George Kelley, Defendants.

No. 77–2207–Civ–JLK.

United States District Court,
S. D. Florida,
Miami Division.

Sept. 27, 1977.

Jon E. Krupnick, Fort Lauderdale, Fla., for plaintiffs.

John W. Keller, III, Miami, Fla., for defendants.

## ORDER OF DISMISSAL

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the motion of the defendant to dismiss. The court, having considered the record and being fully advised in the premises, finds and concludes that the motion should be granted.

This is an admiralty action brought under the Jones Act, 46 U.S.C. § 688, to recover damages for pain and suffering, loss of society, etc., as a result of the death of Ira Gregory while allegedly in performance of his duties as captain of the motor vessel, Mucho K. Defendant moves to dismiss on the grounds that the filing of this suit is in contravention of this court's Order Restraining Prosecution of Claims entered on May 23rd, 1977 in Case No. 77–1398–Civ–JLK, a complaint for limitation of liability by the vessel owners pursuant to Supp.Fed. R.Civ.P. F.

The Supplemental Rules for Certain Admiralty and Maritime Claims provide that vessel owners may file a complaint for exoneration from or limitation of liability within six months of receipt of a claim for which the ship may be liable. Having received a claim from Mrs. Ira Gregory which exceeds the vessel's verified value, and anticipating the receipt of additional claims from decedent's children and from his estate, the owners of the Mucho K filed such a complaint on April 26th, 1977. In accordance with Rule F(3), this court entered an order enjoining "the institution of or prosecution of any and all suits, actions, or legal proceedings of any nature or description whatsoever . . . against the plaintiff or the M/V Mucho K" arising from the death of Captain Gregory. Subsequently, on July 14th, 1977, the action under consideration was filed by the widow, estate, and children of the decedent.

One purpose of the limitation of liability statute, 46 U.S.C. § 183 et seq., is to consolidate claims arising out of the same incident, thereby preventing a multiplicity of judicial proceedings. Toward that end, Rule F specifically provides for the enjoining by the District Court of further prosecution. Once an injunction is so entered "[c]laimants are required to make proof of claim in the limitation proceeding and to litigate their rights in that proceeding." Gilmore & Black, *The Law of Admiralty*, 688 (1957). Consequently, the filing of this complaint was proscribed by admiralty law as well as by the order of this court. Whether or not plaintiffs had notice of that order, notice of the complaint for limitation of liability was served upon them on June 14th, 1977. This notice is substantiated by the fact that the plaintiffs in this case also filed—on the same day as this complaint—their claim, answer, and affirmative defenses in the limitation of liability action. Therefore, this court finds and concludes that the above-captioned suit was improperly filed and should be dismissed with prejudice, subject to this court's determination whether Case No. 77–1398–Civ–JLK presents a valid limitation of liability. It is recognized that the deadline for filing claims in the limitation action was July 14th, 1977, and that it is too late for plaintiffs to proceed with these claims in that action. Should this court determine either that the vessel owners may not limit their liability under 46 U.S.C. § 183 et seq., or that the claims filed in the limitation action do not exceed the vessel owner's liability, then plaintiffs may refile these claims. If the former occurrence has come to pass, this action may be refiled independently; if the latter, the claims must be filed in Case No. 77–1398–Civ–JLK. Thus are the parties' rights preserved should the limitation action fail in whole or in part.

Defendant vessel owners also request the award of costs, expenses, and attorneys' fees incurred as a result of the improper filing of this case, including those resulting from the filing of this motion to dismiss, the motion for order to show cause and the motion for emergency hearing filed in Case No. 77–1398–Civ–JLK, and the motion for protective order filed in this case. It is argued that this complaint was filed in direct, knowing, and willful violation of this court's order and that plaintiff's noticing of

twelve depositions on September 6th constitutes further prosecution of their claim in further violation of the court injunction. Accordingly, defendant asks for sanctions to be imposed under, and by analogy to, Fed.R.Civ.P. 26(c), 37(a)(4), and 37(b)(2)(E).

██ To disregard a court order is to commit a contempt against that court, 18 U.S.C. § 401(3), an offense which the courts have an inherent power to punish. *Ex parte Robinson,* 19 Wall. 505, 86 U.S. 505, 22 L.Ed. 205 (1874). To disobey an injunction which is specific in its terms is to trigger that contempt power. *Gunn v. University Committee to End War in Viet Nam,* 399 U.S. 383, 90 S.Ct. 2013, 26 L.Ed.2d 684 (1970). An award of expenses and attorneys' fees is well within the court's discretion in contempt cases—which includes the assessment of fines and imprisonment—where necessary to make an innocent party whole. *Dow Chemical Company v. Chemical Cleaning, Inc.,* 434 F.2d 1212 (5th Cir. 1970); *Siebring v. Hansen,* 346 F.2d 474 (8th Cir. 1965). This discretion has been held to include even the award of costs incurred on appeal of the finding of contempt for violation of an injunction. *Schauffler v. United Assoc. of Journeymen, etc.,* 246 F.2d 867 (3rd Cir. 1957). Since plaintiffs are already subject to the jurisdiction of this court, no new proceeding is required to subject them to contempt charges. *Leman v. Krentler-Arnold Hinge Last Co.,* 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389 (1932).

To determine whether a finding of contempt is appropriate, the circumstances of each particular case must be investigated. In the case presently before this court, the sequence of events as reflected in the record is of special importance. The limitation of liability action was filed on April 26th, 1977. The order restraining prosecution of claims was signed on May 23rd. On June 14th, notice of the limitation action was received by the attorney for the claimants in that action, who are also the plaintiffs here. On July 14th, this complaint and the claim, answer, and affirmative defenses were filed by plaintiffs/claimants. On August 5th, plaintiffs/claimants' attorney received a copy of the order restraining prosecution of claims. On August 17th, plaintiffs filed a motion for consolidation, and on September 6th they noticed twelve depositions. The vessel owners had filed a motion to dismiss on August 8th and a motion for an order to show cause why this complaint should not be dismissed on August 24th; however, plaintiffs did not reply.

██ This sequence of events shows that plaintiffs did not have notice of the order restraining prosecution of claims when they filed this action. However, the amended order directing issuance of notice, which plaintiffs and their attorney received before filing suit, specifically required that all claimants seeking relief "for *any and all* losses or injuries occasioned from or resulting from the M/V Mucho K . . . appear and make proof or their claims before *this court.*" (Emphasis added). Perhaps it is arguable that plaintiffs were not sure, at this point in the proceedings, how to institute the claims brought through this action, particularly since their motion for consolidation appended an article indicating that the courts are split concerning the preferred procedure. However, they did have notice of the nature of the action—limitation of liability—and, therefore, of its purpose—consolidation of claims—and of the controlling procedures delineated in Supp. Fed.R.Civ.P. F. Once plaintiffs received the order restraining prosecution of claims, there could be no doubt that this action was improperly filed. Nevertheless, plaintiffs failed to reply to the vessel owners' motions questioning the propriety of its filing, and continued to prosecute the action. It is noted that

> [o]nly action and not specific intent or willfulness need be shown to trigger the civil contempt enforcement procedure to obtain compliance . . . . *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949).

*U. S. v. Barnette,* 546 F.2d 187, 193 (5th Cir. 1977) (concurring). Therefore, this court finds plaintiffs in contempt for failure to comply with its order restraining prosecu-

tion of claims and awards the defendants their costs, expenses, and attorneys' fees incurred as a result of the improper filing of this cause. This award is to include the costs, expenses, and attorneys' fees resulting from the filing of the motion to dismiss and the motion for protective order in this action, as well as the motion for order to show cause and the motion for emergency hearing filed in Case No. 77–1398–Civ–JLK, which motions are hereby rendered moot. Defendants must submit appropriate documentation to substantiate the amount due them, and plaintiffs will be given the opportunity to oppose the specific amounts requested.

■ This award is not to be construed as the imposition of a fine as allowed under 18 U.S.C. § 401. Additionally, this court's discretion to impose costs upon a losing party is equally firmly grounded in the powers of an equity court in admiralty as well as upon the Federal Rules of Civil Procedure. Because this order, in effect, grants defendants' motion for protective order concerning the twelve depositions noticed by plaintiffs, an award of expenses would be appropriate under Fed.R.Civ.P. 37(a) as applied to Rule 26(c). Therefore, it is

ORDERED AND ADJUDGED that defendants' motion to dismiss this cause be and the same is hereby granted. It is further

ORDERED AND ADJUDGED that the defendants' request for the award of costs, expenses, and attorneys' fees incurred as a result of the improper filing of this action be and the same is hereby granted, the specific amount to be determined upon submission of proper documentation.

DONE AND ORDERED in chambers at Miami, Florida, this 27th day of September, 1977.