Seymour SCHULNER, Plaintiff,

v.

JACK ECKERD CORPORATION and JByrons Enterprises, Inc., a Florida corporation, Defendants.

No. 80–3223–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 9, 1983.

---

Neil Chonin, Kathleen Phillips, Coral Gables, Fla., for plaintiff.

Lucius M. Dyal, Jr., Tampa, Fla., for defendants.

### MEMORANDUM OPINION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND AWARD OF DAMAGES

SPELLMAN, District Judge.

#### BACKGROUND

THIS CAUSE originated on the Complaint of the Plaintiff under the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 *et seq.* (West 1982).

The parties agreed to a bifurcation of the issues of liability and damages and further stipulated, because of the Plaintiff's theory of the case, that if the jury verdict was in fact adverse to the Defendants and the Plaintiff was in fact discharged because of his age in violation of ADEA that that finding carried with it a determination that the discharge was in fact willful within the meaning of 29 U.S.C.A. § 626.

A jury trial resulted in such a finding on October 27, 1981. Pursuant to the authority vested in this Court by law in 29 U.S.C. § 626(b), this Court on November 12, 1981 issued its Order of Reinstatement instanter directing the Defendants "to immediately reinstate the Plaintiff Seymour Schulner to his former position of Merchandise Manager of the Men's and Boy's Department of JByrons Enterprises, Inc." From this Order, the Defendants took an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1) on the basis that said Order constituted a mandatory injunction from which an interlocutory appeal would lie. In an opinion filed June 6, 1983, 706 F.2d 1113, the Eleventh Circuit Court of Appeals found that such a reinstatement order was an appealable order pursuant to the aforementioned statute, but went on to affirm the Order of Reinstatement "finding no merit in Appellant's several arguments regarding the propriety of the reinstatement order."

While this Appeal was pending, hearings were conducted by this Court on January 12, 1982 and February 22, 1982 on Defendants' Motion For Stay Or Modification Of The Order Of Reinstatement and for a trial on the issue of damages. As to the former, the Court simply ordered the Defendants to post a bond in the amount of $60,000.00

pending the outcome of the Appeal. On the issue of damages, this Court entered an Order on March 28, 1983 entitled "Order Awarding Damages." Although that Order contained some discussion regarding the discussion of willfulness and good faith as it relates to the issue of liquidated damages and back wages, it did not contain the necessary findings of fact and conclusions of law required of this Court pursuant to Rule 52 of the Federal Rules of Federal Procedure. The matters hereinafter set forth constitute the findings of fact and conclusions of law of this Court based on the evidence adduced during the jury trial of this cause at the several hearings alluded to above and based on the testimony and exhibits offered into evidence before this Court on August 2, 1983.

It should be noted at the outset that no final judgment has been entered by this Court as of this date. There was pending for consideration by this Court in addition to the findings of fact and conclusions of law on the issue of damages Plaintiff's Petition For Rule To Show Cause based on the Defendants' non-compliance with this Court's Order Of Reinstatement, Defendants' Motion To Stay Or Modify this Court's Order Of Reinstatement and Plaintiff's Motion For Attorney's Fee. In addition thereto, after the Court's Order of March 28, 1983 entitled "Order Awarding Damages" Defendants filed a Motion For New Trial or in the alternative Motion To Alter Or Amend The Judgment.

As to the latter motion, although this Court orally indicated that said motion was without merit on August 2, 1983, to give the Defendants an opportunity to reassert said motion in light of these findings of fact and conclusions of law and to assure to the Defendants that no issue of timeliness can be raised, this Court will grant the Defendant the opportunity of at least renewing said motion or filing a supplemental motion within ten (10) days from the entry of this Order or within ten (10) days from the entry of this Court's Final Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.

It should be further noted that this Court's findings of fact and conclusions of law will be deemed to have disposed of the aforesaid pending motions insofar as the same are applicable thereto, with the exception of the Plaintiff's Motion For Award Of Attorney's Fees for which this Court specifically reserves jurisdiction.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The evidence in this case established that the Plaintiff had been in the employ of the Defendants for a period of some thirty-one (31) years.

During that period of time Defendants grew from their infancy to the operation of some thirty-seven (37) stores as of the termination of the Plaintiff on May 6, 1979. With the exception of the assertions made by the Defendants justifying the Plaintiff's dismissal, which were rejected by the jury, the performance of the Plaintiff as Merchandise Manager of the Men's and Boy's Department of JByrons Enterprises, Inc. had been outstanding. By stipulation the parties admit that the result of that jury verdict was a finding of willful discrimination.

In awarding damages to the Plaintiff, four (4) issues must be dealt with by the Court. The first three (3) of those issues involve compensatory damages and the last of which deal with the amount of liquidated damages to be imposed in light of the stipulation that the finding of the jury resolves the issue of wilfulness giving rise to such liquidated damages.

### A. COMPENSATORY DAMAGES

Insofar as compensatory damages are concerned, it is incumbent upon the Court to determine the amount of those damages, what set off, if any, should be allowed and the extent to which the Plaintiff should have mitigated such damages from the time of his discharge up to and including August 2, 1983.

The parties by stipulation have resolved the issues of back wages and loss of stock

option and the evidence is uncontroverted that the loss of the major medical and hospitalization coverage afforded by the employer resulted in a cost to the Plaintiff of some $1,440.00 per year since the date of termination. A computation of those several items based on the aforesaid stipulation and uncontroverted evidence on insurance costs as of August 2, 1983 are as follows:

| | |
|---|---|
| Back Wages: | $201,836.00 |
| Stock Option: | 15,922.00 |
| Insurance: | 6,120.00 |
| TOTAL: | $223,878.00 |

The set off excepting therefrom any figure relative to mitigation of the damages consist of the pension benefits and unemployment compensation received by the Plaintiff during the same period of time. These interim earnings are as follows:

| | |
|---|---|
| Unemployment Compensation: | $ 95.00 |
| Pension Benefit: | 8,818.00 |
| TOTAL: | $ 8,913.00 |

The compensatory damages therefore found to be due to the Plaintiff, excepting therefrom any mitigation which will be hereinafter discussed, is the sum of $223,878.00, less the set offs in the amount of $8,913.00 for a total of $214,965.00.

### B. MITIGATION OF DAMAGES

The Defendants urge that the Plaintiff has failed to mitigate his damages on two grounds: (1) he failed to seek and obtain employment from the period of his discharge up to the present day; and (2) he refused to accept the offer made by the Defendants which was the subject matter of their motion to modify this Court's Order Of Reinstatement to the position of Director of Stores Merchandise Coordination which was tendered to him on November 19, 1981 and rejected by the Plaintiff on November 24, 1981.

As pertains to the first issue, this Court took extensive testimony on February 22, 1982 in addition to the testimony that bore on this issue which was tendered at the jury trial. There is no question that from the date of his termination up until the present there is no evidence that the Plaintiff has been employed and no other earnings attributable to work performed or any other source. There is further no question that the Plaintiff made various efforts to seek employment in a similar capacity with other department stores, such as Richards, Burdines, etc. The results of these efforts were unsuccessful in that the Plaintiff found that there were either no positions available or the acceptance of the position would require substantial relocation by him or in the single case of Burdines that the position was not in fact comparable to the position for which he was terminated.

The fact that the Plaintiff took vacations during the time of unemployment is not in the Court's view unreasonable or incompatible with him seeking other employment.

The record is devoid of any evidence by either of the parties indicating that a comparable position to that enjoyed by the Plaintiff at the time of his termination was in fact available to an individual of his age in the Dade County area. Although the Plaintiff's efforts did not direct themselves to seeking lesser types of positions by way of employment, the Court does not find the same to be unreasonable or award a reduction of the damages on the basis of the Plaintiff's lack of effort to mitigate damages.

Insofar as the second contention of the Defendants that the Plaintiff should be required to mitigate his damages in the total amount that he would have been paid by the Defendants for the position that was tendered to him, that being Director of Stores Merchandise Coordination, the Court likewise finds the Defendants' efforts in this regard to be without merit.

It was the finding of this Court after the taking of testimony on August 2, 1983 and after the tender into evidence of the various exhibits by both parties that the position offered by the Defendants was in no way comparable to the position for which he was terminated and to which this Court ordered his reinstatement. The Court finds untenable the position of the Defendants

that on the one hand they failed to comply with this Court's Order Of Reinstatement under date of November 12, 1981, which Order has been subsequently reviewed and affirmed by the Eleventh Circuit Court of Appeals and which this Court finds to be in full force and effect, the position being offered to the Plaintiff not being comparable to the position from which he was terminated; and on the other hand to say to the Plaintiff that you must reduce your damages in the approximate rate of $60,-000.00 per year because of your failure to accept that position. Such a contention is clearly an effort on the part of the Defendants to hoist themselves on their own petard.

When they chose not to obey this Court's Order Of Reinstatement and took an appeal therefrom they thereby divested this Court of jurisdiction insofar as that matter was concerned until that appeal was resolved. The matter was resolved adversely to the Defendants by the Court of Appeals. Immediately upon resolution of that matter and the mandate being returned to this Court, the Court heard the Defendants' Motion To Modify the Order Of Reinstatement and after hearing on the merits resolved that the position being offered was not in fact comparable to the position from which the Plaintiff was discharged. At best, the Defendants could only have hoped for prospective relief from the Order Of Reinstatement and could not seek to use their failure to comply with this Court's Order and their appeal as a method or means of reducing the Plaintiff's damages.

Even if it could be argued that this Court had jurisdiction to make that modification pending the Appeal, after a hearing on the merits the Court having resolved that the position was not comparable would have found the same to be true during the interim period of time achieving the same result.

For the above and foregoing reasons, it was and is the conclusion of this Court that there is no showing in this record and Defendants have failed by a preponderance of the evidence to show that the Plaintiff failed to mitigate his damages and the Court so holds.

## C. MOTION FOR MODIFICATION

■ In view of the discussion set forth above, the Court deems it appropriate insofar as the Motion For Modification is concerned and in conjunction with the above and foregoing findings of fact to make a further determination insofar as the position offered by the Defendants and the comparability of that position to the one from which the Plaintiff was discharged. In so doing, the Court likewise considers the argument of the Defendants relative to the fact that between the time of the discharge of the Plaintiff to the time that the Court entered its Order directing reinstatement that a reorganization had occurred by which many of the duties and responsibilities of the Merchandise Manager of the Men's and Boy's Department of JByrons Enterprises, Inc. had been changed and had in fact evolved into the Merchandise Manager of the Men's Department of JByrons Enterprises, Inc.

The Court notes that had any effort been made on the part of the Defendants to modify the Order so that the Order of Reinstatement simply comported with those changes and modifications to place the Plaintiff into the position of Merchandise Manager of the Men's Department of JByrons Enterprises, Inc., this Court would have been receptive to such a modification and such an alteration would have occurred. Such a position did in fact exist on November 12, 1981 and continued to exist as of August 2, 1983.

It is obvious from the evidence in this case that there was never any intention on the part of the Defendants to offer such a position and that they continued as of the August 2, 1983 hearing to oppose the reinstatement of the Plaintiff to that position on the simple basis that the position had been filled and remains filled to the present time. It is the view of the Court that no such defense to reinstatement can be made by a Defendant who has been willfully found to have discriminated against an indi-

vidual because of his age. Such a position, if accepted, would violate the very intent of the law.

Insofar as this Court's findings of fact relative to the proposed position and its comparability with the position from which the Plaintiff was discharged, and to which the Court ordered reinstatement, it is the opinion of the Court that the Defendants have totally failed to satisfy this Court. It should be pointed out at the outset that Mr. Lambert, the President of the Defendant corporation admitted at the August 2nd hearing that in fact there still exists the position of Merchandise Manager of the Men's Division even though the duties and responsibilities of that position are now being performed by an individual who has the title of Associate Manager. It is further apparent from the record that this is in fact the same position from which the Plaintiff was discharged, with the exception that the responsibility for boy's wear and other particulars have been reassigned to another division. A comparison of the job descriptions of both of these positions on its face indicates clearly that they are not comparable positions.

Insofar as the duties and responsibilities of the coordinator are concerned, the coordinator position would occupy no supervisory responsibility save and except over a possible assistant that might be assigned to him; but certainly not over the buyers that such an individual would supervise if in fact he was the Merchandise Manager. Moreover, although it is claimed that the coordinator might have some input into merchandise selection, that input would in fact be gratuitous and without responsibility.

Taking all of the evidence as a whole, it is the Court's view that there is no comparability between the two (2) positions. Based on that fact, it was the view of the Court and the Court so holds that the Plaintiff's rejection of the offered position was reasonable and that the Defendants' Motion For Modification on that basis should be denied. As pointed out above, had the Defendants in fact offered the position of Merchandise Manager of the Men's Division which is essentially that which was held by the Plaintiff at the time of his discharge subject to the modifications that had been made, clearly, the Defendants would have been intending to comport with the intent and spirit of this Court's Order and such modification would have been granted and is so granted at this time.

It, therefore, being the intent of the Court that this Court's Order Of Reinstatement be modified to compel and require the Plaintiff's reinstatement to the position of Merchandise Manager of the Men's Division and that said Order is *nunc pro tunc* to November 12, 1981, the facts surrounding those modifications having never been called to the Court's attention by the Defendants prior to the hearing on August 2, 1983, except to say that the divisions don't exist as they did at the time the Court ordered the reinstatement. This fact the Court deems insufficient to warrant the actions of the Defendants in failing to comply with this Court's Order.

### D. LIQUIDATED DAMAGES

The issues of liquidated damages remains to be resolved by the Court. The Plaintiff herein urges this Court to in effect ignore what is admittedly the law of this Circuit as pronounced by the Fifth Circuit Court of Appeals in *Hedrick v. Hercules, Inc.,* 658 F.2d 1088 (5th Cir.1981) in which that Court stated as follows (658 F.2d at 1096):

> "If a willful violation is found under this standard, then under *Hays,* the trial judge would have the discretion to deny or reduce liquidated damages if the evidence showed that the employer had acted in good faith and had reasonable grounds for believing that his actions were not violative of the ADEA."

This Court views the decision in *Hedrick* by the Fifth Circuit to be binding upon the Eleventh Circuit until such time as they in their wisdom decide to depart therefrom and therefore finds it binding insofar as the cause before this Court.

Therefore, although by stipulation the jury's verdict amounted to a finding of

willful discrimination on the basis of age, it is incumbent upon this Court to determine the "good faith" of the Defendants insofar as their acts relating to age discrimination.

There was evidence offered before this Court that the actions of the employer in discharging the Plaintiff was in contravention of their own policy. Moreover, there is a showing that there was an effort on the part of the Defendants to inform their employees of the policy against discrimination and to fully inform those employees of the protection afforded them by virtue of such action. Although it is obvious that these policies were willfully disregarded insofar as this particular Plaintiff was concerned, it cannot be said that the company overall did not attempt to assure to its employees that the policy would in fact be carried out. Since the Court viewed the imposition of liquidated damages as being punitive in nature and recognizing that it automatically comes into play by virtue of the finding of willful discrimination, the Court is of the view that such liquidated damages should be reduced in an amount not to exceed that applied by the *Hedrick* decision on the basis that there has been some "good faith" effort to comply with the ADEA to the establishment of guidelines, however wantonly ignored in the particular case before the Court.

Based upon the above and foregoing and on the evidence in the record, it is the view of the Court that such liquidated damages therefore should be reduced in the amount of 50%, and the Court so holds. Based upon the above and foregoing award of compensatory damages, the Court does therefore find that the Plaintiff should be awarded liquidated damages in the amount of $107,482.50.

## E.  TOTAL AWARD OF DAMAGES

Based upon the above and foregoing findings of fact and conclusions of law and award of damages, this Court does hereby find that the Plaintiff is entitled by way of compensatory damages and liquidated damages in the total sum of $322,447.50.

## DEFENDANTS' CONTINUED FAILURE TO COMPLY WITH THIS COURT'S ORDER OF REINSTATEMENT

■ The single issue which the Court now views must be dealt with in this Order is the Defendants' continued refusal to comply with this Court's Order Of Reinstatement under date of November 12, 1981. The record clearly reflects that the stipulated amount to be paid by the Defendants for the position to which the Plaintiff has been ordered reinstated is in the amount of $60,000.00 per year or $5,000.00 per month. As pointed out above, the Defendants chose to take an interlocutory appeal from that Order, which was unsuccessful. It is the view and was the announced ruling of this Court in open court on August 2, 1983 that the Plaintiff's Motion for a Contempt Citation directed to the Defendants for their past failure to comply with said Order should be denied as to past action.

However, insofar as the refusal of the Defendants to comply with such Order in the future, it is the Court's view the same would constitute contempt of this Court, particularly in light of the fact that appellate review has already been sought and such relief denied.

It is, therefore, the Order of this Court that the failure of the Defendants to comply with this Court's Order of November 12, 1981, from August 2, 1983 forward will and does constitute a contempt of this Court's Order and Defendants be and they are hereby ordered to pay to the Plaintiff for each month or portion thereof that said Order is not complied with, the sum of $5,000.00 or such portion of said $5,000.00 as the delay in implementation of this Court's Order bears to said monthly remuneration.

■ It is further the Order of this Court that regardless of any other attorney's fees paid by way of the trial of this cause, "which has heretofore been stipulated to in the amount of $30,000.00", any subsequent proceedings before this Court, and in the handling of the appeal before the Eleventh Circuit "which this Court has been ordered to assess" all of which issues the Court has

retained jurisdiction for purposes of deciding, the Defendants will pay to Plaintiff's counsel the sum of $500.00 for each application made before this Court for the entry of an Order directing payment of said sums due. Plaintiff and his counsel be and they are hereby directed to file with this Court on a monthly basis an application for the aforesaid sums of money as might be due and owing for the preceding days so long as the Defendants fail to comply with said Order.

A Final Judgment based upon the above and foregoing will be entered instanter.