PRUDENTIAL SECURITIES,
INC., Plaintiff,

v.

Ronald J. KUCINSKI and Joan Kucinski,
his wife, Defendants.

No. 96–111–Civ–Oc–10.

United States District Court,
M.D. Florida,
Ocala Division.

Nov. 1, 1996.

**464**

John D. Boykin, Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, FL, for Plaintiff.

Steven Murphy, Pino & Dicks, Longwood, FL, for Defendants.

### ORDER

HODGES, District Judge.

This case is before the Court on Plaintiff's motion for a preliminary injunction (Doc. 2). Defendants have responded and filed a motion to compel arbitration (Doc. 4). The motions are now ripe for decision. For the reasons that follow, Plaintiff's motion for a preliminary injunction will be granted in part and denied in part and Defendants' motion to compel arbitration will be granted in part and denied in part.

### BACKGROUND

On February 6, 1996, Defendants filed a statement of claim, alleging claims against Plaintiff and others, with the National Association of Securities Dealers ("NASD"). The statement alleged claims of negligence, breach of fiduciary duty, and violations of the Florida Securities and Investor Protection Act with regard to a series of stock transactions in which Plaintiff was involved.[1] Inso-far as the claims alleged involve Plaintiff, the relevant transactions, purchases of stock in Movie Star, Inc. and the Prudential Bache High Yield Fund, occurred in April, November and December of 1998 and January of 1989.

On February 12, 1996, Defendants filed a uniform agreement submitting their claims to arbitration with NASD.[2] The Uniform Submission Agreement provided that the arbitration proceedings would be conducted in accordance with the Constitution, By–Laws, Rules and Regulations of NASD.

On May 29, 1996, Plaintiff filed a complaint[3] (Doc. 1) in this Court, requesting a declaration that the Defendants claims are ineligible for arbitration under Section 15 of the NASD Code of Arbitration Procedure.[4] The complaint also demands preliminary and permanent injunctive relief enjoining Defendants from arbitrating the claims raised in the February 6 statement of claim and any other claims falling outside the six year limitation period contained in the NASD Arbitration Code.

On May 29, 1996, Plaintiff filed a motion, pursuant to Federal Rule of Civil Procedure 65, for a preliminary injunction (Doc. 2) preventing Defendants from arbitrating their claims before NASD until the Court has determined whether the claims raised in the statement of claim are arbitrable under the parties' agreement and Section 15 of the NASD Code. Plaintiff argues that its likelihood of prevailing on the merits is substantial because Section 15 is a jurisdictional prerequisite to arbitration, not a statute of limitations subject to equitable tolling. Additionally, Plaintiff argues, the "event or occurrence" giving rise to Plaintiff's claims is the date of the stock purchases thus placing

---

**1.** The statement of claim also alleges a claim of fraud but it does not appear to leveled against Plaintiff.

**2.** Defendants' contract with Plaintiff provided that "all controversies ... concerning any transaction or the construction, performance or breach of this or any other agreement between us ... shall be determined by arbitration."

**3.** The complaint invokes federal jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a Delaware corporation with its principal place of business in New York and Defendants are Florida residents. Approximating the value of Defendant's claim of loss at $100,000.00, Plaintiffs allege the amount in controversy exceeds $50,-000.00.

**4.** Section 15 of the NASD Code of Arbitration Procedure provides, in relevant part:

No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy.

Plaintiffs' claims outside the six year eligibility period.

Defendants have responded and filed a motion to compel arbitration (Doc. 4). Defendants maintain that their contract with Plaintiff requires that "all controversies" between the parties be decided by arbitration, including the question of whether the claims are arbitrable under Section 15. Therefore, they maintain, that a NASD arbitrator, and not the Court, should decide the question of arbitrability. Further, Defendants contend that the "events or occurrences" giving rise to their claims are not the stock purchases because Plaintiff continued to misrepresent material facts long after the relevant transactions took place.

## DISCUSSION

In order to obtain the desired relief, a movant for a preliminary injunction must show: (1) a substantial likelihood that he will successfully prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs any damage the preliminary injunction might cause to the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *Zardui–Quintana v. Richard,* 768 F.2d 1213, 1216 (11th Cir.1985). In evaluating a motion for a preliminary injunction, the Court is well aware that "[t]he preliminary injunction is a extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *Id.* at 1216 (quoting *Canal Authority v. Callaway,* 489 F.2d 567, 573 (5th Cir.1974)).

Given the nature of the case, involving issues of law to be determined on the basis of the parties pleadings before the NASD and as filed in this action, the Court has determined that the case is susceptible of decision on the briefs without necessity of a hearing. Further, for the same reasons, an "order [that] the trial ... be advanced and consolidated with the hearing of the application" is appropriate. F.R.Civ.P. 65(a)(2). It is so ordered.

**A. Plaintiff has a substantial likelihood of success on the merits.**

The evaluation of Plaintiff's likelihood of success on the merits in this case turns on the probable ultimate disposition of two contested issues. First, the Court must ascertain whether its process or an arbitration hearing is the proper forum for determining whether the claims raised by Defendants are arbitrable under Section 15. Second, assuming the Court is the proper decision maker with respect to the question of arbitrability, the Court must determine whether Section 15 bars arbitration of Defendants' claims.

*1. The Court should determine the question of arbitrability.*

■ Ordinarily, state-law contract principles would apply to ascertain whether the parties agreed to arbitrate particular claims. *Perry v. Thomas,* 482 U.S. 483, 492–93, n. 9, 107 S.Ct. 2520, 2526–27, n. 9, 96 L.Ed.2d 426 (1987). As the determination of whether claims are to be arbitrated is largely a question of agreement between the parties, "the question 'who has the power to decide arbitrability' turns upon what the parties agreed about *that* matter." *First Options of Chicago, Inc. v. Kaplan,* —— U.S. ——, ——, 115 S.Ct. 1920, 1923, 131 L.Ed.2d 985 (1995). However, courts should not assume that parties have agreed to arbitrate arbitrability in the absence of "clear and unmistakable" evidence that they so agreed. —— U.S. at ——, 115 S.Ct. at 1924 (citing *AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 649, 106 S.Ct. 1415, 1418–19, 89 L.Ed.2d 648 (1986)); *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Cohen,* 62 F.3d 381, 382 (1995). Thus, in the face of silence or ambiguity about who decides whether a particular claim is arbitrable, the law presumes that the decision falls to the courts absent evidence showing a contrary intention. *Cohen,* 62 F.3d at 384.

■ Defendants point out that their contract with Plaintiffs provides that all disputes concerning the construction, performance or breach of the agreement shall be arbitrated and contend that this broad language necessarily subsumes the question of who decides the question of arbitrability. However, the

contract language Defendants rely upon is hardly a clear and unmistakable manifestation of an intention to have the arbitrator decide the disputed question. Rather, the contract is silent with regard to who decides whether the claims are arbitrable and, accordingly, the Court should presume that it is the appropriate authority to make the determination. *Cohen,* 62 F.3d at 382–384.[5] *See also Dean Witter Reynolds, Inc. v. McCoy,* 995 F.2d 649, 650–51 (6th Cir.1993); *PaineWebber, Inc. v. Hofmann,* 984 F.2d 1372, 1375–1377, n. 2 (3rd Cir.1993) (holding, in the face of contractual language almost identical to that at issue here, that court properly decides issue of whether claim is arbitrable under Section 15); *Edward D. Jones & Co. v. Sorrells,* 957 F.2d 509, 512–13 (7th Cir.1992).

Accordingly, the question of whether Section 15 of the NASD Code of Arbitration precludes arbitration of the allegations made in Defendants' statement of claim is properly determined by the Court.

> *2. Section 15 is substantially likely to preclude NASD arbitration of some, but not all, of Defendants' claims.*

■ Section 15 of the NASD Code is a jurisdictional prerequisite to arbitration; i.e., the provision, by its terms, limits the authority of NASD arbitrators to the adjudication of claims brought no more than six years after the event or occurrence giving rise to the claim. *Cohen,* 62 F.3d at 384. Because it is a limitation on the power of NASD arbitrators to decide claims, Section 15 should not be treated as a statute of limitations and is not capable of being tolled. *Id.* at 385, n. 4; *Sorrells,* 957 F.2d at 512. Defendants filed their statement of claim on February 6, 1996. Accordingly, if the occurrences or events giving rise Defendants' claims took place before February 6, 1990, the claim is, by operation of Section 15, not arbitrable.

Cases interpreting Section 15 have been unclear with regard to the meaning to be given the phrase "occurrence or event." It appears that the definitions of the terms depend, in large part, upon the types of claims submitted for arbitration. *See Cohen,* 62 F.3d at 385 (analyzing the meaning of "occurrence or event" in terms of claims for fraud, breach of fiduciary duty and concealment). While Plaintiff claims that the date of the purchase of the stock is the relevant trigger for the six year eligibility period, this is not a foregone conclusion. *Cohen,* 62 F.3d at 385.

■ The current law appears to distinguish between claims that a particular investment is unsuitable for the needs of a given investor and claims of a continuing breach of duty, fiduciary or otherwise. When a claimant asserts that an investment was unsuitable for his needs or that he was victimized by fraud or negligence in the purchase of the securities, the date of purchase commences Section 15's six year eligibility period. *Id.; Sorrells,* 957 F.2d at 512. Conversely, when a claimant complains that he was lulled into holding securities, that there was a series of misrepresentations or that there was a continuing breach of duty, each lulling, misrepresentation or breach may be the appropriate event or occurrence triggering the eligibility requirements of Section 15. *Cohen,* 62 F.3d at 385, n. 5–7; *Dean Witter Reynolds, Inc. v. McCoy,* 995 F.2d 649, 651 (6th Cir.1993).

■ Here, Defendants appear to have alleged claims of both varieties. The statement of claim against Plaintiff, filed with the NASD, alleges violations of the Florida Securities and Investor Protection Act, negligence and negligent failure to supervise in connection with the actual purchase of the securities. Statement of Claim, ¶¶ 32, 38, 41, 45. Further, Defendant's claim of breach of fiduciary duty can be construed to allege that a

---

5. *But c.f., Singer v. Smith Barney Shearson,* 926 F.Supp. 183, 187 (S.D.Fla.1996). The Court in *Singer* concluded, reasoning that *Cohen* did not answer the question of who decides arbitrability in the face of contract language requiring arbitration of "any controversy," that such language was sufficiently clear and unmistakable evidence of intent to submit the question of arbitrability to an arbitrator. *Id.* However, it appears to this Court that the *Cohen* court did render its decision against the backdrop of contractual language substantially similar to that at issue here. *Cohen,* 62 F.3d at 382 (agreement required that "all disputes between the parties" be resolved by arbitration).

duty was breached at the time of the purchase. Statement of Claim, ¶¶ 47–51. These claims bear directly upon the suitability of the investments at the time of the purchase. As Plaintiff asserts, and Defendants appear to agree, that the relevant sales occurred between 1988 and 1989, Section 15 clearly precludes the arbitration of those claims and Plaintiff has, therefore, demonstrated that success on the merits of these claims is certain.

■ On the other hand, Defendants specifically allege that Plaintiff violated the Florida Securities and Investor Protection Act by convincing them to hold the Movie Star stock over a period of eight years. Statement of Claim, ¶ 33. Defendant's negligence and negligent supervision claims also maintain that the alleged negligence of the Plaintiff continued well after the purchase of the relevant stocks. Statement of Claim, ¶¶ 41, 45. Finally, the breach of fiduciary duty claim appears to allege breaches continuing over the period of Defendant's relationship with Plaintiff. Statement of Claim, ¶¶ 47–51. These claims, to the extent they may and do relate to breaches of duty occurring after February 6, 1990, present issues that, by their own admission, the parties are contractually bound to arbitrate. Plaintiff has not established a substantial likelihood of success on the merits as to these claims. Accordingly, the claims raised by Defendants, to the extent they allege misrepresentations or breaches occurring after February 6, 1990, should be arbitrated with the NASD.[6]

## B. Plaintiff has satisfied the remaining requirements for the issuance of a preliminary injunction.

Plaintiff argues that, absent the issuance of a preliminary injunction, the arbitration of Defendants claims will continue and that it will be forced to undergo the expense of arbitrating a claim it is not obligated to arbitrate. Plaintiff further maintains that the harm of allowing arbitration to proceed outweighs any potential harm to the Defen-

dants flowing from the issuance of a preliminary injunction and that the public interest is not harmed by the issuance of such an injunction, so that a nominal bond should be sufficient pursuant to Federal Rule of Civil Procedure 65(c). Defendants have advanced no reasons why Plaintiff's showing on these issues is inadequate and the Court can find no reason why Plaintiff's showing is insufficient.

### CONCLUSION

While Plaintiff has been able to demonstrate certain success on the merits with regard to claims arising before February 6, 1990, it appears that Defendants raise claims arising out of events occurring after that date. Plaintiff's motion, therefore, should be granted only to the extent that claims arising out of the alleged stock purchases and breaches of duty occurring before February 6, 1990 should be precluded from arbitration. Conversely, Defendants' motion to compel arbitration should be granted to the extent that the claims alleged in the statement of claim arise from misrepresentations or breaches of duty occurring after February 6, 1990. 9 U.S.C. § 4.

Accordingly, upon due consideration,

(1) Plaintiff's motion for a preliminary injunction (Doc. 2) is GRANTED IN PART and Defendants are enjoined from arbitrating, before the National Association of Securities Dealers, any claims arising out of the purchase of securities or any breach of duty, fiduciary, statutory or otherwise, occurring before February 6, 1990. The injunction shall become effective upon the filing of $1.00 in security with the Clerk of Court. Plaintiff's motion is otherwise DENIED.

(2) Defendants' motion to compel arbitration (Doc. 4) is GRANTED IN PART and the parties are directed to arbitrate, pursuant to Defendant's uniform submission agreement with the National Association of Securities Dealers, all claims al-

---

6. This should not be construed to mean that any reference to events occurring before February 6, 1990 is precluded. For instance, should the arbitrators find that Plaintiff is liable to Defendant on any of its claims, the relevant measure of

damages may well require consideration of the purchase price of the stock. That the stock was purchased prior to February 6, 1990 should not preclude consideration of the purchases in calculating damages.

leged in Defendants' statement of claim arising out of any breach of duty, fiduciary, statutory or otherwise, occurring after February 6, 1990. Defendant's motion is otherwise DENIED.

(3) Plaintiff's request for oral argument (Doc. 5) is DENIED as moot.

(4) The Clerk is DIRECTED to enter judgment accordingly and close the file.

IT IS SO ORDERED.