SMITH BARNEY, INC. f/k/a Shearson Lehman Brothers, f/k/a Shearson Lehman Hutton, f/k/a E.F. Hutton, Plaintiff,

v.

Barbara B. HYLAND, Defendant.

No. 96–399–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

June 9, 1997.

Bennett Falk, Keith Olin, Jason M. Murray, Morgan, Lewis & Bockius, Miami, FL, for Plaintiff.

Richard S. Webb, IV, Charles W. Telfair, IV, Lutz, Webb, Partridge & Bobo, P.A., Sarasota, FL, for Defendant.

## ORDER

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Plaintiff's Motion to Enforce Judgment (Dkt.33), Defendant's Response to Plaintiff's Motion to Enforce Judgment and Defendant's Memorandum of Law (Dkt.34), and Defendant's Motion for Leave to File a Reply to Defendant's Response to Motion to Enforce Judgment (Dkt.35).

## PROCEDURAL HISTORY

On April 10, 1996, this Court entered an Order for Preliminary Injunction enjoining Defendant from proceeding in arbitration on ineligible claims. Then, on July 1, 1996, this Court entered a Final Order specifying which claims were eligible for arbitration.

Smith Barney asserts that Defendant subsequently violated this Court's Order by submitting ineligible claims to arbitration in Defendant's Supplemental Statement of Claim. Smith Barney alleges that the Arbitration Panel ruled that Defendant's Supplemental Statement of Claim violated this Court's Final Order and ordered Defendant to submit an Amended Statement of Claim in compliance with this Court's order. Defendant then filed an Amended Statement of Claim which Smith Barney asserts is also violative of this Court's Final Order because it includes ineligible claims. This Amended

Statement of Claim is the subject of Smith Barney's Motion to Enforce Judgment.

## DISCUSSION

### 1. Defendant's Amended Statement of Claim

■ Defendant's Amended Statement of Claim includes claims which are not eligible for arbitration. Specifically, Defendant's Amended Statement of Claim includes allegations that Smith Barney made misrepresentations or omissions in connection with the sale of Limited Partnerships which occurred between 1987 and July 1990, which are within the ineligible period. Although Defendant's allegations include statements referring to the eligibility period, these do not negate those allegations which clearly reference acts which occurred during the ineligible period and which are the basis of several of Defendant's claims.[1]

It does not lie in Defendant's favor to say that she has not violated this Court's order because her Amended Statement of Claim includes claims and allegations which may not have been specifically enjoined. As the Supreme Court has held, "[s]uch a rule would give tremendous impetus to the program of experimentation with disobedience of the law which [the Supreme Court] has condemned" and "could operate to prevent accountability for persistent contumacy." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192, 69 S.Ct. 497, 500, 93 L.Ed. 599 (1949).

### 2. Eligibility

In its July 1, 1996 Final Order, this Court specified examples of events and/or occurrences which could form the basis of Defen-

dant's claims within the eligible period. For instance, this Court explicitly found that, under Defendant's claim of common law fraud by continuing pattern of fraud and deception, "Smith Barney's act of sending a monthly account statement constitutes an event or occurrence giving rise to Defendant's claims. . . . Any statements sent to Defendant prior to December 28, 1989, are ineligible for arbitration." Yet, in Defendant's Second Amended Statement of Claim, Defendant fails to specify any statements sent by Smith Barney. Indeed, Defendant's claims are couched on ambiguous allegations of "misrepresentations or omissions" and the Amended Statement of Claims fails to properly set forth specific misrepresentations or omissions occurring within the preceding six years of her demand for arbitration.

■ In its July 1, 1996 Final Order, this Court held that Section 15 of the NASD Code of Arbitration[2] is a substantive eligibility requirement. *See also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen*, 62 F.3d 381, 383 (11th Cir.1995). Accordingly, it is the court, and not the arbitration panel, that decides which claims are timely under Section 15 of the NASD Code. *Id.* Indeed, the *Cohen* court held that this may "compel the federal courts to hold 'mini-trials' on timeliness." *Id.* However, this does not mean that each plaintiff seeking to resolve disputes in arbitration needs to first proceed through federal court in order for the court to decide whether the plaintiff's claims are timely. A great deal of confusion and unnecessary judicial expense can be avoided by a plaintiff by providing sufficient specificity in

---

**1.** For example, Defendant alleges that Smith Barney made misstatements and/or omissions in the sale of Limited Partnerships to her between 1987 and 1990 and claims such misrepresentations as grounds for common law fraud. Defendant's Amended Statement of Claim ¶¶ 16, 17, 42, 44, 45, 46. Those misstatements and/or omissions made to Defendant before December 18, 1989 are not eligible for arbitration; yet they are alleged as grounds for her claim of common law fraud. While Defendant also makes reference to the purchase of "Post 1990 Limited Partnerships," the allegations as a whole are ambiguous because they veil the specific misstatements and/or omissions and the dates such "event or

occurrences" took place. Consequently, the allegations, as a whole, do not adequately specify that the events or occurrences forming the basis of Defendant's claims indeed took place within the eligible period.

**2.** Section 15 of the NASD Code of Arbitration provides, in relevant part, that "[n]o dispute, claim, or controversy shall be eligible for submission to arbitration ... where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy." NASD Manual (CCH) ¶ 3715 (1995) (Sec. 15 of NASD Code).

his or her statement of claim to the arbitration panel.

■ This Court holds that in order to proceed in arbitration, Defendant Hyland's obligation in submitting claims to arbitration is twofold: first, Defendant Hyland must state specifically what events or occurrences form the basis of the claims; and, second, Defendant Hyland must state that such event or occurrence took place within the preceding six years of the arbitration demand.[3]

■ Merely alleging that a party engaged in continuous misconduct will not be adequate because it does not set forth specific events or occurrences and does not provide that such misconduct indeed occurred within the preceding six (6) years of the arbitration demand. Furthermore, since claims are not subject to equitable tolling under Section 15, the plaintiff cannot base a claim upon a "continuing course of conduct" and must instead specifically state each event or occurrence evidencing the misconduct which forms the basis of the Defendant Hyland's claims.

### 3. *Prudential Securities, Inc. v. Kucinski*[4]

■ While Defendant correctly cites to *Kucinski* for the proposition that a plaintiff's claim of breach of fiduciary duty may be based on a misrepresentation made during the eligible period concerning a sale made during outside the eligible period, this is not what Defendant alleged in her Amended Statement of Claim. Indeed, Defendant's Amended Statement of Claim contains claims based upon misstatements made outside the eligible period. While the *Kucinski* court states that references to events occurring outside the eligibility period are not precluded in matters concerning damages, it certain-

ly does not provide that a plaintiff's claim may in any way be based upon such an event or occurrence. In fact, the *Kucinski* court specified that only those claims alleging misrepresentations or breaches occurring during the eligibility period should be arbitrated. *Prudential,* 947 F.Supp. at 466.

### 4. Sanctions

■ The federal courts have inherent power and authority to enforce a judgment and punish a party for disobeying the courts' orders. 18 U.S.C. § 401(3).[5] Where an injunction is ordered, the parties are bound to obey it and are under an obligation to take steps to insure that violations of the order, even inadvertent, do not occur. *See GTE Sylvania, Inc. v. Consumers Union of United States, Inc.,* 445 U.S. 375, 100 S.Ct. 1194, 63 L.Ed.2d 467 (1980); *Union Tool Co. v. Wilson,* 259 U.S. 107, 42 S.Ct. 427, 66 L.Ed. 848 (1922); *United States v. Christie Industries, Inc.,* 465 F.2d 1002 (3d Cir.1972). An injunctive order is an extraordinary writ, enforceable by the power of contempt. *See* 18 U.S.C. § 401(3); *Gunn v. University Committee to End War in Viet Nam,* 399 U.S. 383, 90 S.Ct. 2013, 26 L.Ed.2d 684 (1970); *In re Chiles,* 89 U.S.(22 Wall.) 157, 22 L.Ed. 819 (1874). The district court has numerous options in imposing sanctions to ensure compliance, as long as the sanctions are not greater than necessary to ensure such compliance.[6] *See* 18 U.S.C. § 401(3); *Citronelle–Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1304 (11th Cir.1991); *Schulner v. Jack Eckerd Corp.,* 572 F.Supp. 56 (S.D.Fla.1983); *Miller v. Carson,* 550 F.Supp. 543 (M.D.Fla. 1982).

■ The focus of a court's inquiry in civil contempt proceedings is not on the subjective

---

**3.** The Eleventh Circuit Court has held that the district court should examine each of plaintiff's claims to determine what is the event or occurrence which gave rise to plaintiff's claim and then should determine whether the event or occurrence took place within the preceding six years of plaintiff's demand for arbitration. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen,* 62 F.3d 381, 385 (11th Cir.1995).

**4.** 947 F.Supp. 462 (M.D.Fla.1996) (Ocala Division).

**5.** 18 U.S.C. § 401(3) provides: "A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

**6.** Such options include a coercive daily fine, a compensatory fine, attorney's fees, expenses to the aggrieved party, and coercive incarceration See *Citronelle–Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297 (11th Cir.1991); *Gregory v. Mucho,* 438 F.Supp. 1117 (S.D.Fla.1977).

beliefs or intent of the alleged contemnors in complying with the court order, but whether in fact their conduct complied with the order at issue. *See Howard Johnson Co. v. Khimani,* 892 F.2d 1512 (Cir.1990); *Piambino v. Bestline Products, Inc.,* 645 F.Supp. 1210 (S.D.Fla.1986); *Miller v. Carson,* 550 F.Supp. 543 (M.D.Fla.1982).

Generally, conduct that evinces substantial but not complete compliance with a court's order may be excused in a contempt proceeding if it was made as part of a good-faith effort at compliance. *See Howard Johnson Co. v. Khimani,* 892 F.2d 1512 (1990). This Court finds that Defendant's past noncompliance with this Court's Final Order will be excused.

However, as to the refusal of Defendant to comply with the Court's Order in the future, it is the Court's view Defendant's refusal would constitute contempt of this Court, particularly in light of this Court's leniency toward Defendant's past noncompliance. It is, therefore, the Order of this Court that any future failure of Defendant to comply with this Court's Order of July 1, 1996, from this date forward will constitute a contempt of this Court's Order, and Defendant will be compelled to show cause why this Court should not hold Defendant in contempt and sanction her accordingly to coerce compliance with its Order.

Accordingly, it is

**ORDERED** that Plaintiff's Motion to Enforce Judgment (Dkt.33) is **granted** in part and **denied** in part. It is further

**ORDERED** that Plaintiff's Motion for Leave to File a Reply to Defendant's Response to Motion to Enforce Judgment is **denied.**