KEVIN R. KEUPER *et al.*, Plaintiffs-Appellees, v. BEECHEN, DILL AND SPERLING BUILDERS, INC., Defendant-Appellant.

Second District No. 2—97—1263

Opinion filed December 22, 1998.

James J. Roche and W. Matthew Bryant, both of James J. Roche & Associates, of Chicago, for appellant.

Danielle M. Jaeschke, of Greene, Jones & Brisske, of Wheaton, for appellees.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiffs, Kevin and Deborah Keuper, brought this action against defendant, Beechen, Dill & Sperling Builders, Inc., seeking to recover damages sustained as a result of leaking windows in the new home that defendant built for plaintiffs. The parties entered into a settlement agreement that required defendant to replace the windows. After the trial court determined that defendant failed to replace the windows in a timely manner, it held defendant in indirect civil contempt and later entered a judgment that required defendant to pay

compensatory damages to plaintiffs. Defendant appeals from the order awarding damages and contends, *inter alia*, that the trial court exceeded its authority when it awarded compensatory damages to plaintiffs in the contempt proceedings. We agree, reverse, and remand for further proceedings.

The relevant factual and procedural history is as follows. In November 1992, the parties entered into a contract for the construction of a residence and the sale of real estate whereby defendant agreed to construct a new house for plaintiffs on land provided by defendant, and plaintiffs agreed to pay defendant $572,945 for the house and land. The parties agreed that defendant was to obtain windows manufactured by the Rockwell Window Company, Inc. (Rockwell), and install the windows in the house. Defendant obtained windows manufactured by Rockwell and installed them in the house. Rockwell warranted the windows against defects, including moisture seal failure, for five years.

Plaintiffs took possession of the house in July 1993. Soon after they took possession of the house, plaintiffs discovered that the windows leaked.

On June 13, 1995, plaintiffs filed a complaint in the circuit court against defendant. The complaint sought damages that allegedly resulted from the leaking windows. The complaint was based on theories of intentional misrepresentation, consumer fraud, negligent misrepresentation, and breach of contract.

On September 4, 1996, the parties entered into a settlement agreement and release (settlement agreement). Under the terms of the settlement agreement, plaintiffs agreed to release defendant and defendant agreed to pay plaintiffs $25,000, remedy all outstanding warranty items, make all necessary repairs, and "replace all windows in the subject home with new Rockwell Windows with a five year transferable warranty to be provided by the manufacturer."

On October 1, 1996, the trial court entered an order ratifying the parties' stipulated dismissal of plaintiffs' action against defendant. The stipulated dismissal was based on the settlement agreement. In a subsequent order, the trial court incorporated the settlement agreement into the record and stated that it retained jurisdiction pending compliance with the settlement agreement.

On March 19, 1997, plaintiffs filed a petition for a rule to show cause, for sanctions, and for other relief. The petition sought to require defendant to show cause for its failure to comply with the terms of the settlement agreement. The petition also sought the assessment of costs and attorney fees against defendant.

On July 10, 1997, after a hearing on the matter, the trial court

entered an order finding that defendant had breached the settlement agreement by failing to replace the windows in a timely manner. Based on its finding, the trial court held defendant in indirect civil contempt.

At a hearing on August 12, 1997, defendant acknowledged that it still had not replaced the windows. The trial court then advised defendant that if it had not replaced the windows by the next hearing the court would enter a judgment for damages in favor of plaintiffs. With respect to a possible damages award, the court advised plaintiffs' attorney to obtain affidavits to establish the cost of replacing the windows.

At a hearing on September 25, 1997, defendant acknowledged that it still had not replaced the windows. Plaintiffs then presented two estimates, supported by affidavits, of the cost to replace the windows. Based on the lower estimate, the trial court entered a judgment against defendant and in favor of plaintiffs in the amount of $76,918. The trial court noted that the cost estimates presented by plaintiffs were for windows that were not Rockwell windows. The court expressed concern that the estimates were for non-Rockwell windows because the settlement agreement specified that the replacement windows were to be Rockwell windows. Defendant objected to the use of the affidavits on the grounds that they were not sufficient to establish damages and that they were for windows not manufactured by Rockwell. The trial court advised defendant that it would vacate the judgment if defendant replaced the windows with Rockwell windows.

After the trial court entered an order denying defendant's motion to vacate the judgment, defendant filed a notice of appeal. We have jurisdiction of the appeal under Supreme Court Rule 304(b)(5). See 155 Ill. 2d R. 304(b)(5).

On appeal, defendant contends that the trial court erred when it entered judgment awarding compensatory damages to plaintiffs. Defendant asserts that the judgment was erroneous because (1) the trial court was without authority to award damages in contempt proceedings to parties in the underlying proceedings; (2) the evidentiary basis to establish the damages was insufficient; and (3) the damages awarded to plaintiffs improperly gave them a double recovery.

We believe that the issue of whether the trial court exceeded its authority by awarding damages in contempt proceedings to parties in the underlying proceedings is dispositive in this case. We now address that issue.

■ In Illinois, it is well established that civil contempt is an affront to the authority of the court and not a private remedy, that any fine imposed pursuant to the contempt is payable to the public treasury and not a plaintiff, and that a plaintiff may not recover compensa-

tory damages in a civil contempt proceeding. *Round Lake Sanitary District v. Basic Electronics Manufacturing Corp.*, 60 Ill. App. 3d 40, 43 (1978), citing *Rothschild & Co. v. Steger & Sons Piano Manufacturing Co.*, 256 Ill. 196 (1912). Because a sanction in a civil contempt proceeding is strictly coercive, the court is without the authority to compensate an aggrieved party for its damages. *Harper v. Missouri Pacific R.R. Co.*, 282 Ill. App. 3d 19, 30 (1996).

In this case, there is no question that the trial court awarded damages in civil contempt proceedings to plaintiffs who were parties in the underlying proceedings. The parties had entered into a settlement agreement resolving the underlying proceedings. The settlement agreement was incorporated into the record and was the basis for a stipulated dismissal of the underlying proceedings. The trial court retained jurisdiction only to insure that the parties complied with the settlement agreement. After determining that defendant failed to comply with the settlement agreement in a timely manner, the trial court held defendant in indirect civil contempt. Defendant clearly could have purged the contempt by complying with the settlement agreement. After defendant's continued failure to comply with the settlement agreement, the trial court entered an order awarding compensatory damages to plaintiffs.

■ Under the above principles, the trial court's award of compensatory damages in civil contempt proceedings to plaintiffs was clearly erroneous. The trial court did not have the authority to award compensatory damages in civil contempt proceedings to plaintiffs.

Nonetheless, plaintiffs take the position that the trial court did not err when it awarded them compensatory damages in the contempt proceedings. In support of their position, plaintiffs cite two cases where the court awarded compensatory damages in civil contempt proceedings to a party in the underlying proceedings. These cases are *Falcon, Ltd. v. Corr's Natural Beverages, Inc.*, 173 Ill. App. 3d 291 (1988), and *Connolly v. J.T. Ventures*, 851 F.2d 930 (7th Cir. 1988).

In *Falcon*, in civil contempt proceedings following the defendants' violation of an injunction, the trial court awarded compensatory damages to the plaintiffs in the underlying proceedings. The underlying proceedings involved a disputed distributorship agreement and alleged tortious interference with the plaintiffs' business relationships. The damages awarded to the plaintiffs were for commissions that the defendants allegedly owed to the plaintiffs for certain prior sales made by the plaintiffs. On appeal, the Appellate Court, First District, remanded for a redetermination of the amount of the commissions due to the plaintiffs for the prior sales and for a determination of whether the plaintiffs were entitled to additional commissions for later sales.

Despite these facts, *Falcon* is not sufficient authority for us to affirm the trial court's award of damages to plaintiffs in this case. We recognize that the *Falcon* court approved an award of compensatory damages in contempt proceedings to the plaintiffs in the underlying proceedings. However, nothing in the *Falcon* opinion suggests that the defendants in that case, or anyone else, raised the issue of the court's authority to award compensatory damages in contempt proceedings. We believe that if the issue had been raised in *Falcon*, the court would have determined that it was without the authority to award compensatory damages in the civil contempt proceedings to the plaintiffs.

In *Connolly*, a federal district court awarded compensatory damages in contempt proceedings to the plaintiff in the underlying proceedings. The underlying proceedings involved an alleged copyright infringement. As in this case, the court in *Connolly* held the defendants in contempt after they failed to comply with a settlement agreement. On appeal, the parties did not dispute the authority of the district court to award compensatory damages in contempt proceedings to a plaintiff in an underlying action. Rather, the parties disputed the appropriate measure of the damages.

Despite these facts, *Connolly* is not sufficient authority for us to affirm the trial court's award of compensatory damages in contempt proceedings to plaintiffs in this case. Federal courts have consistently held that a court may award compensatory damages in contempt proceedings to a party in the underlying proceedings. See Annotation, *Right of Injured Party to Award of Compensatory Damages or Fine in Contempt Proceedings*, 85 A.L.R.3d 895, 898-901 (1978) (listing cases). However, our supreme court determined long ago that Illinois courts were not required to follow the federal courts on this issue and would not do so. *Rothschild*, 256 Ill. at 204-08.

Plaintiffs have not cited any authority that requires or persuades us to deviate from the well-established rule that Illinois courts are without the authority to award compensatory damages in contempt proceedings to a plaintiff in the underlying proceedings. We therefore conclude that the trial court exceeded its authority when it awarded compensatory damages to plaintiffs. Because our resolution of this issue is dispositive, we need not address defendant's other contentions of error.

The judgment of the circuit court of Du Page County awarding compensatory damages in the contempt proceedings to plaintiffs is re-

versed. This cause is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

McLAREN and RAPP, JJ., concur.